DOWNEY, Judge.
This litigation began when a minor and his father sued to recover damages sustained by them as a result of an automobile accident. The individual defendant-appel-lee, James Reeves, was an employee of the defendant-appellee, The National Cash Register Company. Defendant-appellee Allstate Insurance Company is National’s insurance carrier. The question before us concerns the propriety of the dismissal with prejudice of two counts of appellants’ four count complaint.
Count III essentially charges that as Reeves’s employer, appellee National Cash Register Company agreed with Reeves that it would procure adequate automobile liability” insurance coverage on Reeves’s automobile which was used by Reeves in the course of his employment. However, National breached its agreement with Reeves by failing to obtain adequate limits of coverage, thereby depriving the appellants (as third party beneficiaries of the agreement) of adequate damages.
In Count IV appellants allege that when National entered into an agreement to furnish insurance coverage, National became an insurance agent under the Florida Insurance Code; that as such an agent National had a duty to provide adequate automobile liability insurance coverage, but as a result of its negligence National failed to inform Reeves of what adequate insurance should be to properly protect him; that as a further result appellants have sustained damages far in excess of the insurance coverage which appellee provided.
While these counts of the complaint assert a somewhat novel theory of liability, for purposes of' the motion to dismiss the agreement and the agency are admitted. Thus, it would appear plaintiffs state a third party beneficiary cause of action for breach of contract and for negligence and would be entitled to recover if they prove those allegations admitted by the motion, and the trier of fact finds the amount of insurance procured was inadequate.
The trial court sustained appellees’ motions to dismiss Counts III and IV and, upon appellants’ failure to plead further, dismissed said counts with prejudice. Thereupon, the plaintiffs below perfected this plenary appeal.
*434 Initially we perceived a jurisdictional problem, i. e., an appeal from an order dismissing some but not all of the counts of a complaint formerly cognizable at law. However, that question now seems to be settled by Mendez v. West Flagler Family Association, Inc., Fla.1974, 303 So.2d 1, wherein the Supreme Court held that the final elimination of one count from a multi-count complaint in a case formerly cognizable at law is a final appealable order if that count alleges a distinct and separate cause of action from the remaining counts of the complaint. Thus, we are here dealing with a final appealable order.
We believe Counts III and IV sufficiently state a cause of action to survive the motion to dismiss. Accordingly, the order dismissing Counts III and IV of the appellants’ complaint is reversed with directions to reinstate said counts in the complaint.
WALDEN, C. J., DOWNEY, J., and NEWELL, EMERY, Associate Judge, concur.