ALDERMAN, Chief Judge.
Plaintiffs appeal a final order dismissing counts three and four of their amended complaint against the defendant, National Cash Register Company.
A brief history of this lawsuit will aid in understanding its present status. A minor was injured when the motorcycle on which he was a passenger collided with an automobile. The boy and his father sued James Reeves, the driver of the automobile, and also National Cash Register Company, Mr. Reeves’ employer. Counts one and two are against both defendants and allege that Reeves was negligent and that National was vicariously liable as his employer and co-owner of the automobile. Counts three and four, on the other hand, are against National alone and allege causes of action that are distinct from the first two counts. The trial court initially dismissed counts three and four; on appeal we reversed, holding that while these counts assert a somewhat novel theory of liability they do state causes of action. Smith v. Reeves, 320 So.2d 432 (Fla. 4th DCA 1975).
While the first appeal was in progress, National obtained a summary final judgment in its favor as to counts one and two. The plaintiffs did not appeal the summary judgment. While their first appeal was still pending, the plaintiffs proceeded to trial against Reeves and obtained judgment against him on counts one and two. After our reinstatement of counts three and four, National again moved to dismiss these counts, this time on the grounds that the plaintiffs were estopped by their failure to appeal the summary judgment and that any cause of action arising out of this accident is now res judicata as to National. The trial court granted the motion, again dismissing counts three and four, thereby precipitating this second appeal.
We reverse. In the first appeal we determined that counts three and four were distinct from the rest of the complaint. We now hold that neither the summary judgment in favor of National on the first two counts, nor the trial on these counts, which determined Reeves’ liability, settled the other distinct causes of action alleged against National. Accordingly, the order dismissing counts three and four is reversed with directions to reinstate these counts.
REVERSED with directions.
DOWNEY and ANSTEAD, JJ., concur.