184 So.2d 454 (1966)
LEEWARD & HART AERONAUTICAL CORPORATION, Appellant,
v.
SOUTH CENTRAL AIRLINES, INC., et al., Appellees.
No. H-226, H-227.
District Court of Appeal of Florida. First District.
March 31, 1966.
*455 Dixon, DeJarnette, Williams, McKay & Kimbrell, Miami and Dawson, Galant, Maddox, Sulik & Nichols, Jacksonville, for appellant.
Cox, Grissett, & Webb, Glickstein, Crenshaw, Glickstein & Hulsey, and Mathews, Osborne & Ehrlich, Jacksonville, for appellees.
RAWLS, Chief Judge.
We are called upon to determine the finality of the order which is the subject of this appeal. Essential facts are: Plaintiff Eileen G. Servos instituted this suit at law against all of the parties in this appeal. Appellant (Defendant) Leeward & Hart Aeronautical Corporation filed a cross claim against some of its codefendants, namely, Appellees South Central Airlines, Inc., Airline Training, Inc., Conrad International Corporation and William H. Conrad, by which it sought indemnification  in the event Appellant suffered a judgment  on the theory that the negligence of the Appellees is primary, active and affirmative, while Appellant's negligence, if any, is secondary, passive or negative. The trial judge dismissed Appellant's cross claim with prejudice, and it is from said order that Appellant is trying to perfect this appeal. Appellees South Central Airlines, Inc., Airline Training, Inc., Conrad International Corporation, Inc., and William H. Conrad, filed the instant motion to dismiss upon the grounds that the subject order is not appealable within the purview of Rule 4.2, Florida Appellate Rules, 31 F.S.A. relating to interlocutory appeals, and that Appellant has failed to comply with the provisions of the rule. By their brief, Appellees argue: (1) the judicial labor has not been completed, and (2) since the order appealed has not been recorded according to Section 28.29(1), Florida Statutes, F.S.A., it has not been rendered. We quickly dispose of the second point by noting that the cited statute was not intended to define "rendition" as construed by the appellate courts for the purposes of appeal.
At the outset we take note of the numerous decisions that have been written upon the subject of the finality of an order or judgment for the purpose of appeals. The instant order contains the magic words, "with prejudice", connoting a finding by the trial judge that his judicial labor is ended. However, this verbiage in and of itself does not make the order a proper subject for a direct appeal.
We find no cases squarely in point, so it is necessary to examine analogous situations. In Florida Fuel Oil v. Springs Villas,[1] a suit at law, Springs Villas filed a complaint against Florida Fuel Oil. Florida Fuel Oil answered and by a pleading designated "counterclaim" sought to bring into the case as cross defendants certain architects who drew the plans and who were not parties in the cause. The trial judge dismissed the counterclaim with prejudice and Florida Fuel Oil appealed. The Supreme Court, in entertaining jurisdiction on appeal, noted that although the pleading was designated a "counterclaim", a "cross claim" would be a more accurate designation. In affirming the trial judge, the Supreme Court noted that the appellant sought to introduce into the case a completely new, separate and unrelated action against third parties not present in the cause and concluded that the trial judge properly sustained the motion to dismiss the cross claim. The important *456 point in this decision is that the Supreme Court in order to reach the merits of the cause held that the order which dismissed the cause with prejudice was a final order that was appealable.
In McMullen v. McMullen,[2] a chancery action, the chancellor dismissed with prejudice the amended complaint as to all the defendants except one. On Appeal the Second District Court of Appeal held that the dismissal of the cause with prejudice was a final decree because it terminated the litigation between the plaintiffs and those defendants and left nothing to be done in the way of further judicial labor as to the defendants affected.
The Second District Court in Evin R. Welch & Co. v. Johnson,[3] a suit at law, reviewed the numerous decisions pertaining to split judgments, and concluded upon the authority of Crenshaw Bros. Produce Co. v. Harper,[4] and Hillsboro Plantation v. Plunkett[5] that the appellate court was vested with discretion to determine whether the entertaining of an appeal from a split judgment would serve most expeditiously the interest of the litigants and the efficient administration of justice.
Schneider v. Manheimer[6] involved a petition for writ of certiorari seeking review of a summary final judgment in favor of one of the several defendants in a cause still pending in the circuit court. The court in dismissing the writ of certiorari held: "Under the modern practice there is no reason why an order final in equity should not also be final at common law", and concluded that the judgment against the plaintiff and for one of several defendants is a final judgment which may be appealed.
It is our conclusion that the rationale expressed by the foregoing authorities is applicable here. Unlike the facts in Florida Fuel Oil, the allegations of the cross claim sought to be filed in the instant cause do relate to the subject matter of the law suit and involved parties in the cause. Without touching upon the merits of this appeal, we note that all of the parties are present before the court; that the extensive evidence to be adduced in this case should be resolved in one trial by one jury, and we find that the entertainment of this appeal will most expeditiously serve the interest of the litigants and efficient administration of justice.
The motion to dismiss is denied.
STURGIS and JOHNSON, JJ., concur.
NOTES
[1] Florida Fuel Oil v. Springs Villas, 95 So.2d 581 (Fla. 1957).
[2] McMullen v. McMullen, 145 So.2d 568 (Fla.App.2d 1962).
[3] Evin R. Welch & Co. v. Johnson, 138 So.2d 390 (Fla.App.2d, 1962).
[4] Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353 (Fla. 1940).
[5] Hillsboro Plantation v. Plunkett, 55 So.2d 534 (Fla. 1951).
[6] Schneider v. Manheimer, 170 So.2d 75 (Fla.App.3d, 1964).