268 So.2d 177 (1972)
George H. DeWITT, As Executor of the Estate of Ruth W. DeWitt, Deceased, Appellant,
v.
SEABOARD COAST LINE RAILROAD COMPANY, a Corporation, Appellee. George H. DeWitt, Appellant,
v.
SEABOARD COAST LINE RAILROAD COMPANY, A Corporation, Appellee.
No. 71-441.
District Court of Appeal of Florida, Second District.
May 19, 1972.
On Rehearing October 11, 1972.
Rehearing Denied November 13, 1972.
*178 Russell Troutman, of the Law Offices of Russell Troutman, Winter Park, for appellant.
Frederick J. Ward, of Giles, Hedrick & Robinson, Orlando, for appellee.
PIERCE, Chief Judge.
Before this case came on for oral argument there appeared to be a question of whether or not this Court had jurisdiction to entertain the appeal. The parties were given an opportunity to file briefs on the subject. We have reviewed the briefs filed by the parties, as well as the applicable Rules, and have determined that we do have jurisdiction.
On January 12, 1971, the lower Court entered an order for partial summary judgment in favor of the defendant, Seaboard, on the issue of punitive damages and ordered that the cause be tried solely on the issue of compensatory damages. On January 20, 1971, plaintiff DeWitt, moved for a rehearing as to the order for partial summary judgment. On May 6, 1971, the Court entered its order denying DeWitt's motion for rehearing. On June 3, 1971, DeWitt filed his notice of appeal. The question is whether or not a motion for rehearing tolls the time for taking an appeal from a partial summary judgment.
Rule 1.530(a) R.C.P., 31 F.S.A. provides:
"Jury and Non-Jury Actions. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment."
Rule 1.510(b) R.C.P. provides:
"For Defending Party. A party against whom a claim, counterclaim, cross-claim or third party claim is asserted or a declaratory judgment is sought may move for a summary judgment in his favor as to all or any part thereof at any time with or without supporting affidavits."
The last sentence in Rule 1.510(c) R.C.P. provides:
"A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
Appellate Rule 4.2, 32 F.S.A., provides that interlocutory appeals may be prosecuted from orders granting partial summary judgment on liability in civil actions. While there is no provision for rehearings directed to interlocutory orders, Home News Publishing Company v. U-M Publishing, Inc., Fla.App. 1971, 246 So.2d 117, Rule 1.530(a) R.C.P. does not limit the right to move for rehearing to summary judgments which conclude all the issues.
The rule making authorities may have intended that a motion for rehearing should be directed only to final summary judgments which resolve all the issues between the parties. See Weisberg v. Perl, Fla. 1954, 73 So.2d 56, and Kippy Corporation *179 v. Colburn, Fla. 1965, 177 So.2d 193. In Kippy, at page 198, Justice O'Connell said:
"Quite obviously the majority receded from the decision in the Weisberg case because of the harsh and somewhat inconsistent effect of the then existing rules which permitted timely correction by a trial court of all final orders except those summarily entered.
"The specific problem presented in the Floyd case will not appear again because the rules have been amended to permit reconsideration of a summary final order."
But neither Rule 1.510 or Rule 1.530 R.C.P. makes a distinction between such final summary judgment and a summary judgment which concludes only a part of the issues between the parties.
We must conclude, then, that a motion for rehearing tolls the time for taking an appeal from a summary judgment, whether it resolves all or only a part of the issues between the parties.
The order appealed was an interlocutory order, being a partial summary judgment on the issue of liability for punitive damages, and the appeal should have been designated as an interlocutory appeal as provided by F.A.R. 4.2. However, we shall treat the appeal as an interlocutory appeal, Triax, Inc. v. City of Treasure Island, Fla.App. 1967, 198 So.2d 870; Rivers v. Ellman, Fla.App. 1968, 206 So.2d 456.
Turning to the question of whether the lower Court erred in granting Seaboard's motion for summary judgment as to punitive damages, there was no evidence that Seaboard's negligence was of a gross and flagrant character, evincing reckless disregard of human life, or was so wanton or reckless or grossly careless as to disregard the safety, welfare or rights of others which is equivalent to an intentional violation of them, Florida East Coast Ry. Co. v. Hayes, 65 Fla. 1, 60 So. 792; Cannon v. State, 1926, 91 Fla. 214, 107 So. 360; Sauer v. Sauer, Fla.App. 1961, 128 So.2d 761. It is in the province of the trial Court to determine as a matter of law whether or not there is a basis for punitive damages, Dr. P. Phillips & Sons, Inc. v. Kilgore, 152 Fla. 578, 12 So.2d 465, and if there is not, the Court should withdraw such question from the consideration of the jury, the Florida Central and Peninsular Railroad Company v. Moony, 45 Fla. 286, 33 So. 1010; Winn & Lovett Grocery Co. v. Archer, 1936, 126 Fla. 308, 171 So. 214; St. Petersburg Sheraton Corporation v. Stuart, Fla.App. 1970, 242 So.2d 185; cf. Barnett First National Bank of Jacksonville v. Buie, Fla.App. 1971, 255 So.2d 707. There was no error here.
The order appealed is, therefore 
Affirmed.
LILES, J., concurs.
WEHLE, VICTOR O. (Ret.), Associate Judge, concurs in part and dissents in part.
WEHLE, VICTOR O., (Ret.), Associate Judge.
I believe there was sufficient evidence to justify submitting to the jury the question of punitive damages and to that extent I dissent from the opinion of the Chief Judge.

ON PETITION FOR REHEARING
LILES, Judge.
This court in its opinion affirmed the trial judge's granting of Seaboard's motion for summary judgment on punitive damages and held that Seaboard's negligence was not of a gross and flagrant character so as to constitute a jury issue on punitive damages.
After considering the petition for rehearing filed by appellant, we believe the question of punitive damages is a jury question and that the trial judge erred in granting a summary judgment in this regard. See *180 Mills v. Cone Brothers Contracting Company, Fla.App., 265 So.2d 739, filed August 25, 1972.
The petition for rehearing is hereby granted and so much of the opinion rendered by this court affirming the trial judge's granting of Seaboard's motion for summary judgment is reversed and the cause remanded for action consistent with this opinion.
PIERCE, C.J., and WEHLE, VICTOR O., Associate Judge, concur.