303 So.2d 1 (1974)
Irma MENDEZ, Petitioner,
v.
WEST FLAGLER FAMILY ASSOCIATION, INC., a Florida Corporation, Doing Business in Dade County, Florida, and Seaboard Life Insurance Company of America, an Insurance Corporation, Respondents.
No. 44845.
Supreme Court of Florida.
November 6, 1974.
Leo M. Alpert and Jonathan L. Alpert, Miami, for petitioner.
Daniel Neal Heller, Heller & Kaplan, Miami, for respondents.
ERVIN, Justice.
We review by writ of certiorari the per curiam, without opinion, decision of the District Court of Appeal, Third District (1973) 287 So.2d 748.
*2 The question presented is whether an appeal may be taken to a district court of appeal from a summary final judgment of a trial court in favor of defendants dismissing a distinct and independent claim of fraud and illegality in the issuance of a policy of hospital insurance by a hospital association and an insurance company, the defendants, which claim was plead in one count of a complaint in a civil action. Two other counts of the complaint charged breach of contract under the issued policy of hospital insurance against the hospital association and the insurance company, respectively. In other words is the appeal from an interlocutory order or a final judgment dispositive of an independent cause of action at trial level?
The record proper discloses Petitioner brought suit against West Flagler Family Association (the hospital association) and Seaboard Life Insurance Company. The complaint contained three counts: Count I charged a breach of contract under a policy of hospital insurance against the defendant Family Association; Count II charged a breach of contract against the Seaboard Life Insurance Company, the company which had issued the policy of hospital insurance sued on. Count III charged fraud, illegality, a conspiracy to engage in fraud, and so on, on the part of both of the defendants with respect to the issuance of the policy of hospital insurance, and the third count claimed punitive (as well as compensatory) damages on the basis of an independent tort, actually a series of independent torts amounting to a hospital insurance swindle committed by both defendants acting in concert.
With respect to this third count, involving the alleged fraud and claiming punitive damages, the trial court entered "summary final judgment" in favor of the two defendants with costs to be taxed on motion and order so that the summary judgment is a summary final judgment in and of itself. The breach of contract counts remain standing.
The summary final judgment was entered on January 24, 1973 and on January 31, 1973 a motion for rehearing under Florida Rule of Civil Procedure 1.530 was filed by plaintiff. The motion for rehearing was originally scheduled to be heard on March 9, 1973 but due to time conflicts of counsel and court the motion for rehearing was not actually heard until June 1, 1973. Under date of June 6, 1973 an order was entered denying plaintiff's motion for rehearing. Appeal was then taken to the District Court of Appeal, Third District.
On October 18, 1973 motion to dismiss was filed by Appellee Seaboard Life Insurance Company of America (in which Family Association joined). The basis for the motion to dismiss was the contention that review may not be had of a partial summary judgment as to partial liability prior to final judgment. The basis of appellant's position contra being that where two or more severable distinct causes of action are united in the same suit a summary judgment on one of the causes of action is a final appealable judgment even though the others are still pending.
The motion to dismiss was denied by order of the District Court dated November 8, 1973:
"This cause having come on for hearing before the court upon appellee's motions to dismiss appeal and the court having considered same, it is ordered that said motions be and they are hereby denied.
"It is further order that this appeal shall be treated and acted upon as an interlocutory appeal. The original record already prepared shall be forwarded to this court and will be used in lieu of a certified transcript and appendices. Appellees' brief shall be filed within ten (10) days from the date of this order and the cause shall thereafter proceed under rule 4.2 F.A.R."
Thereafter appellee Seaboard Life (again joined by Family Association) filed *3 a second motion to dismiss contending that since the court had ordered the appeal to be treated as an interlocutory appeal, it should be dismissed because the Florida Rules of Civil Procedure do not provide for a motion for rehearing as to an interlocutory order.
On December 13, 1973 the Third District Court dismissed the appeal (which is the decision that is the subject of this petition) by order reading:
"This cause having come on for hearing upon appellees' motion to dismiss appeal and the court having considered same, it is ordered that said motion is granted and this interlocutory appeal from the Circuit Court of Dade County, Florida (# 70-18316) be and the same is hereby dismissed."
The questions presented below and here for conflict certiorari consideration are:
I. Whether or not a motion for rehearing permitted by Rule 1.530 of the Florida Rules of Civil Procedure to an order granting a summary judgment is proper when such summary judgment is a so-called "partial" or so-called "interlocutory" order or judgment.
II. Whether or not where there are two or more severable distinct causes of action united in the same suit, a summary judgment disposing completely of one of the causes of action but leaving the others still pending, is a "final" appealable judgment.
We answer both questions in the affirmative.
I. Petitioner urges conflict with Wagner v. Bieley, 263 So.2d 1 (Fla. 1972), and DeWitt v. Seaboard Coast Line Railroad, 268 So.2d 177 (Fla.App.2d 1972).
The Wagner case involved the denial of a summary judgment in which this Court said:
"In 1962 Rule 2.8 R.C.P. [now Rule 1.530] was amended to permit petitions for rehearing directed to trial court orders or decrees granting summary judgment." 263 So.2d 1, 3. (Emphasis supplied.)
In DeWitt the Lake County Circuit Court entered an order for partial summary judgment in favor of defendant Seaboard Coast Line Railroad on the issue of punitive damages and ordered that the cause be tried solely on the issue of compensatory damages. The plaintiff in DeWitt timely moved for a rehearing which was denied and thereafter appealed considering his 30 days to run from the date of the rendition of the order denying the rehearing and not from the date of the summary judgment. Appellee Seaboard Railroad moved to dismiss, presenting the question "[of] whether or not a motion for rehearing tolls the time for taking an appeal from a partial summary judgment." 268 So.2d 177, 178.
The Second District Court in DeWitt answered the question affirmatively and denied the motion to dismiss, stating:
"Appellate Rule 4.2, 32 F.S.A., provides that interlocutory appeals may be prosecuted from orders granting partial summary judgment on liability in civil actions. While there is no provision for rehearings directed to interlocutory orders, Home News Publishing Company v. U-M Publishing, Inc., Fla.App. 1971, 246 So.2d 117, Rule 1.530(a), R.C.P. does not limit the right to move for rehearing to summary judgments which conclude all the issues.
"The rule making authorities may have intended that a motion for rehearing should be directed only to final summary judgments which resolve all the issues between the parties. See Weisberg v. Perl, Fla. 1954, 73 So.2d 56, and Kippy Corporation v. Colburn, Fla. 1965, 177 So.2d 193. In Kippy, at page 198, Justice O'Connell said:
"`Quite obviously the majority receded from the decision in the Weisberg case because of the harsh and somewhat *4 inconsistent effect of the then existing rules which permitted timely correction by a trial court of all final orders except those summarily entered.
"`The specific problem presented in the Floyd case will not appear again because the rules have been amended to permit reconsideration of a summary final order.'
"But neither Rule 1.510 or Rule 1.530 R.C.P. makes a distinction between such final summary judgment and a summary judgment which concludes only a part of the issues between the parties.

"[2] We must conclude, then, that a motion for rehearing tolls the time for taking an appeal from a summary judgment, whether it resolves all or only a part of the issues between the parties." (Emphasis supplied.) 268 So.2d 177, 178-179.
II. Petitioner urges conflict with Duncan v. Pullum, 198 So.2d 658 (Fla.App.2d 1967), and with Leeward & Hart Aeronautical Corp. v. South Central Airlines, Inc., 184 So.2d 454 (Fla.App. 1st 1966).
In Duncan, supra, the order appealed was one which struck with prejudice defendant's counterclaim. The argument was made that the appeal should be dismissed because the order was interlocutory. The Second District Court said
"The portion of the order which struck appellant-defendant's counterclaim with prejudice was final and appealable. Cf: Schwertfeger v. Constant, Fla.App. 1959, 109 So.2d 173; Leeward & Hart Aeronautical Corp. v. South Central Airlines, Fla.App. 1966, 184 So.2d 454; and Hillsbow Plantation v. Plunkett, Fla. 1951, 55 So.2d 534. The general rule is that a judgment, order or degree to be appealable as final must dispose of all issues or causes in the case; but the rule is relaxed where the judgment, order or decree adjudicates a distinct and severable cause of action. 4 C.J.S. Appeal and Error § 95 (1957). This instant order terminated a separate cause of action, but arising out of the same subject matter, which defendant thought he had against plaintiff. Since his order was appealable, the motion filed by appellee seeking to quash the appeal was properly denied." (Emphasis supplied.) 198 So.2d 658, 660-661.
In the First District case of Leeward & Hart, supra, the order appealed and sought to be dismissed  unsuccessfully  was one which dismissed with prejudice a crossclaim of a defendant against a co-defendant for indemnity.
Respondents contend that the Duncan and Leeward & Hart cases are distinguishable from the instant case in that the orders there appealed from were the dismissal of a counterclaim and a crossclaim respectively. Respondents contend that the situations in those two cases have no relation to the dismissal of one count of a complaint.
Respondents further contend the law in Florida is that the dismissal of less than all counts of a complaint is an interlocutory order under authority of Jacobs v. Gould, 197 So.2d 307 (Fla.App.2d 1967), and that only when the entire complaint with all its counts is disposed of, and only then, is the plaintiff left with a right of appeal. Further, Respondents contend the plaintiff-petitioner's claims in all counts arise from the same transaction  which is unlike a counterclaim or crossclaim often arising from a separate transaction unrelated to plaintiff's claim and is therefore distinguishable from the cases cited for conflict.
It is our view the third count sets up a distinct and separate cause of action. It was based entirely on tort-fraud and illegality. It stood apart from the other two counts based on breaches of contract, respectively of the hospital association and the insurer. It arose from the alleged fraudulent issuance of the insurance policy originally and had naught to do with breaches of the policy after it was issued.
*5 It is our view that the rationale of the Duncan case should control under the described situation in the instant case where there is a distinct and separate cause of action and it makes no essential difference whether the distinct cause of action arises in a plaintiff's complaint or in a defendant's counterclaim or crossclaim. We agree with Duncan that the "... rule [against a partial appeal] is relaxed where the judgment, order or decree adjudicates a distinct and severable cause of action."
We adhere to the rule that piecemeal appeals should not be permitted where claims are legally interrelated and in substance involve the same transaction. However, when it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable if dismissed with finality at trial level and not delayed of appeal because of the pendency of other claims between the parties.
Here the third count sounded in tort and not in contract. It was treated separately and disposed of by the trial court without regard to the two breach of contract claims, which breaches had nothing to do with the alleged swindle in the original issuance of the policy. Different facts and fields of law relating to the alleged liability were apparent from the complaint and the trial court treated the third count claim in a different category from the other two. The judicial labor at the trial court level had ended thereon completely without delay.
From the administrative standpoint and assuming the correctness of the foregoing views that the third count represents a distinct cause of action and its dismissal is appealable, we do not see any advantage to be gained in terms of court time and labor in not allowing the present appeal to go forward now on the merits. It all depends finally upon what disposition the District Court of Appeal makes on the merits of the appeal from the summary judgment dismissing the third count. If the appeal were disallowed until the case is disposed of completely on all counts by the trial court and the summary judgment is thereafter reversed, a second trial will be necessary anyway. If on the other hand the present appeal is allowed prior to disposition of all of the case at trial level and the summary judgment is reversed, a trial of all claims can be had together. It really makes very little difference in the final outcome  except that if the District Court dismissal stands the plaintiff-appellant will be delayed a final determination on the legal merits of his third count claim until his claims in Counts I and II are disposed of.
We do not see how any good purpose can be served by such delay. It is more technical than substantial. An impartial judicial handling would appear to dictate that trial court dismissal of a distinct cause of action between parties should proceed to appellate disposition without technical delay because of the pendency of other causes of action between them. Otherwise, plaintiffs will be encouraged to split their distinct causes of actions in separate suits to avoid appeal disposition delay on some of them.
The decision of the District Court in dismissing the Petitioner's appeal is quashed with directions that it be reinstated and heard on its merits.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD and McCAIN, JJ., concur.