351 So.2d 399 (1977)
McCLAIN CONSTRUCTION CORPORATION, a Florida Corporation, Appellant,
v.
C.S. ROBERTS, Individually, C.S. Roberts Corporation, a Georgia Corporation, and Roberts Equity Investors, Inc., a Georgia Corporation, Appellees.
No. 77-1033.
District Court of Appeal of Florida, Second District.
November 4, 1977.
*400 John F. Turbiville, Tampa, for appellant.
Robert V. Williams, of Gibbons, Tucker, McEwen, Smith, Cofer & Taub, Tampa, for appellees.
SCHEB, Judge.
Appellant/plaintiff takes this interlocutory appeal from the trial court's order reducing a surety bond posted by appellees/defendants as security for claims of a mechanic's lien that plaintiff sought to foreclose in Count I of its four-count complaint. The trial court reduced the bond, concluding that its prior partial summary judgment dismissing one of the mechanic's lien claims was a final, appealable judgment. Since no appeal had been taken, the court reasoned, there was no longer any need for security on the dismissed claim. We disagree and hold that the partial summary judgment on the mechanic's lien issue was not a final, appealable judgment.[1] We reverse.
Plaintiff's complaint alleged that in July 1973 it entered into an oral contract with defendants to render services incident to the construction of an office building in Tampa. Plaintiff was to receive $35,000 for these services. In Count I of the complaint plaintiff sought to foreclose its mechanic's lien against the office-building property which it had filed on the basis of claims of $35,000 for contract services and $1,070.17 for labor, material, and services furnished as part of the initial improvement of the property. In Count II plaintiff sought an equitable lien against the property should its mechanic's lien claims be denied. Count III asked for damages for breach of the oral contract, while Count IV sought the value of plaintiff's services on a quantum meruit basis should no breach of contract be found. Defendant counterclaimed and sought damages at law, alleging the plaintiff had filed a false lien, and failed to perform certain obligations.
During the course of the litigation, Count II was dismissed.[2] Shortly thereafter the trial court granted the partial summary judgment against plaintiff on its $35,000 mechanic's lien claim under Count I, holding the services allegedly performed by plaintiff furnished no basis for a mechanic's lien. However, the trial court refused to grant summary judgment on the plaintiff's claim for $1,070.17.
Defendants subsequently moved for an order partially releasing or reducing the amount of the surety bond which had been substituted as security in lieu of their real property. The trial court held the mechanic's lien claims of Count I were based upon a separate statutory remedy and were thereby distinct from the other counts. The partial summary judgment dismissing the $35,000 claim, the court determined, was therefore a final judgment. Since no appeal had been taken by plaintiff, the court concluded that security for the $35,000 claim was no longer necessary and reduced the bond to an amount sufficient to cover only the $1,070.17 claim.
The trial court relied mainly on Mendez v. West Flagler Family Assoc., Inc., 303 So.2d 1 (Fla. 1974). In Mendez the plaintiff brought suit against a hospital association and its insurer for breach of a hospital insurance contract. The plaintiff also *401 charged the hospital association and its insurer with fraud and illegality with respect to issuance of the insurance policy. For this tort-fraud the plaintiff sought punitive damages. After the trial court entered a summary final judgment against the plaintiff on the fraud count, the plaintiff appealed to the Third District Court of Appeal. The defendants moved to dismiss the appeal, asserting that the summary final judgment could not be appealed prior to final judgment. The Third District agreed and dismissed the appeal. On certiorari, the supreme court reinstated the appeal, reasoning that the count alleging fraud was separate and distinct from the breach of contract counts and, therefore, the summary judgment dismissing it was immediately appealable.
We find the instant case distinguishable from Mendez. Though only Count I involved the mechanic's lien law, plaintiff sought the same thing, i.e., compensation for the work allegedly performed incident to defendants' office building, in each of the counts. The same facts are pertinent to each count, as plaintiff implicitly recognized in its complaint by incorporating the same basic facts into every count.
In Mendez Justice Ervin, speaking for the court, said:
It is our view the third count sets up a distinct and separate cause of action. It was based entirely on tort-fraud and illegality. It stood apart from the other two counts based on breaches of contract, respectively of the hospital association and the insurer. It arose from the alleged fraudulent issuance of the insurance policy originally and had naught to do with breaches of the policy after it was issued. 303 So.2d at 4.
Mendez quite clearly involved separable fact situations. The first fact situation dealt with circumstances of the alleged breach after the contract had been entered into, whereas the second involved a question of fraud in the very issuance of the contract. This is not at all the situation in the case before us. Here the same facts are involved in each count of plaintiff's complaint.
In Venezia A., Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975), the court was faced with an issue analogous to the one here presented. Petitioners/plaintiffs' complaint contained two counts: Count I asked for a mandatory injunction and compensation for inverse condemnation; Count II sought damages for breach of contract. The trial court dismissed Count II, and petitioners filed both a petition for certiorari and an appeal. The First District refused to grant certiorari, and also held that the dismissal of Count II was not a final, appealable order. In discussing this latter issue the court said:
Although Counts I and II of petitioners' complaint herein involved different questions of law, they are concerned with the same set of facts. Specifically, both counts of the complaint revolve around the allegation that the respondents harmed the petitioners by denying petitioners' application for a permit to fill land owned by them. Count I asserts that the denial of the application "has completely and totally destroyed and deprived the plaintiffs of any and all rights of utilization and exercise of its aforesaid interest and rights in and to the subject lands" while Count II asserts that the denial of the application amounts to a breach of contract. Because both counts involve the same factual circumstances, review by direct appeal is also improper under the rationale of the Mendez case. 314 So.2d 256-57 (emphasis added).
See also S.L.T. Warehouse v. Webb, 304 So.2d 97 (Fla. 1974).
Here we find that all of the counts of plaintiff's complaint involve the same factual situation and are clearly interrelated. This being so, the trial court's summary judgment was not a final, appealable order. Therefore, the trial court erred in reducing the surety bond.
Accordingly, the trial court's order granting reduction of the surety bond is reversed *402 and the cause is remanded for further proceedings consistent with this opinion.
HOBSON, A.C.J., and RYDER, J., concur.
NOTES
[1] We are not here concerned with whether the partial summary judgment was appealable under Fla.App. Rule 4.2(a) as an interlocutory order in a matter formerly cognizable in equity.
[2] Although the trial court dismissed Count II on January 15, 1976, in its order granting a reduction of security on May 18, 1977, it treated Count II as if it remained as a count of the complaint. The record reveals no reinstatement of Count II, nor did counsel explain this disparity in their briefs; however, at oral argument counsel recognized that Count II was no longer a viable count of the complaint.