ON MOTION TO DISMISS
GLICKSTEIN, Judge.
We take the time to write an opinion on appellee’s motion to dismiss the appeal because of the notion that by doing so we add a footnote to the existing body of law.
At issue is whether the entry of a final declaratory judgment as to one count of a multi-count complaint entitles appellant to an appeal therefrom when the remaining counts arise out of the same transaction, are interrelated and are all contractual in nature. We conclude that appeal will not presently lie under such circumstances, and grant the motion.
Count I sought declaratory judgment, construing a promissory note and mortgage. Count II sought foreclosure of the mortgage. The trial court deferred consideration of Count II until disposition had been made of Count I.
Recognizing that a declaratory judgment has the force and effect of a final judgment[1] does not require the quantum leap that such judgment in every case is a final judgment for the purpose of immediate appeal. Declaratory judgments are creatures *332 of statute, namely, Chapter 86, Florida Statutes; whereas Article V, Section 2, of the Florida Constitution mandates that the Supreme Court of Florida has the constitutional authority to adopt practice and procedural rules for the judiciary. Accordingly, although declaratory judgments were not involved in S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla.1974), and Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla.1974), the principles adopted there apply to the situation in the present case.
Let us assume that the plaintiffs here had opted to file a one-count complaint to foreclose the mortgage, alleging the construction of the documents in a light most favorable to the plaintiffs, without seeking judicial declaration per se of the construction sought. Let us assume further that before allowing the mechanics of foreclosure to begin, the court made a finding with respect to certain paragraphs within the count that supported the plaintiffs’ position. We believe an appeal would have been unavailable as would certiorari. Accordingly, neither should be available simply because of the manner in which the allegations were presented and the form of the findings. The parties remain the same, as do the battle lines.
BERANEK and DELL, JJ., concur.

. § 86.011, Fla.Stat. (1983). See Eastern Shores Sales Co. v. City of North Miami Beach, 363 So.2d 321, 323 (Fla.1978).