469 So.2d 813 (1985)
MIAMI-DADE WATER AND SEWER AUTHORITY, and City of Miami, Appellants,
v.
METROPOLITAN DADE COUNTY and City of Miami, Appellees.
No. 84-706.
District Court of Appeal of Florida, Third District.
April 16, 1985.
Rehearing Denied June 12, 1985.
*814 Lucia A. Dougherty and Gisela Cardonne, Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and Robert Floyd and Scott D. Sheftall, Robert Sechin, Miami, for appellants.
Robert A. Ginsburg, County Atty., and Robert A. Duvall, Murray Greenberg, Miami, for appellees.
Before HENDRY, HUBBART and BASKIN, JJ.
BASKIN, Judge.
Miami Dade Water & Sewer Authority [WASA] and the City of Miami [the City] appeal the "Order Granting Dade County's Motions for Summary Judgment and Entering Summary Final Judgment in Favor of Dade County and Denying Motions for Summary Judgment Filed by City of Miami and Metropolitan Dade County Water and Sewer Authority." The summary judgment motions were directed to a single issue raised in Count I of the City's multi-count complaint and in the cross-claim filed by WASA. Several claims raised in the City's complaint remain pending. Finding that the order appealed is not a final, appealable order, we do not reach the merits of the trial court's ruling.
The parties sought a determination as to the validity of a Dade County ordinance abolishing WASA and creating a Dade County department under the direction of the County Manager for operation of a countywide water and sewer system. In the order appealed, the trial court ruled in favor of Dade County, finding that the ordinance was properly enacted pursuant to the power vested in Dade County under the Dade County Home Rule Charter.
In determining the finality of an order, judgment, or decree, the test employed by the appellate court is whether the order appealed constitutes an end to the judicial labor in the trial court, and nothing further remains to be done to terminate the dispute between the parties directly affected. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974); SCI, Inc. v. Aneco Co., 410 So.2d 531 (Fla. 2d DCA 1982). Generally, piecemeal appeals will not be permitted where claims are legally interrelated, involve, in substance, the same transaction, and where the same parties remain in the lawsuit. S.L.T. Warehouse Co.; SCI, Inc.; Collins v. Hunt, 404 So.2d 375 (Fla. 4th DCA 1981). Cf. Fla.R. App. P. 9.110(k) (partial final judgment appealable where it disposes of entire case as to any party). An exception to this general rule appears in Mendez v. West Flagler Family Association, 303 So.2d 1, 5 (Fla. 1974):
[W]hen it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable if dismissed with finality at trial level and not delayed of appeal because of the pendency of other claims between the parties.
In the present case, all of the counts in the original complaint filed by the City are based on intertwining and interrelated factual and legal issues. The issue raised in Count I of the City's complaint and in WASA's cross-claim and disposed of in the summary judgment order is not separable and distinct from the remaining, pending claims. Furthermore, all of the parties involved in this case remain in the lawsuit to litigate the pending claims for various forms of legal and equitable relief emanating from the abolition of WASA. Accordingly, *815 the order in question is not appealable and is hereby dismissed. See Vila v. B.F. Goodrich Co., 383 So.2d 766 (Fla. 3d DCA 1980); McClain Construction Corp. v. Roberts, 351 So.2d 399 (Fla. 2d DCA 1977).
Appeal dismissed.