GLICKSTEIN, Judge,
dissenting.
I would have entered the following proposed order:
We relinquish jurisdiction to the trial court for forty-five days in order for the parties and the trial court to clarify the record for our further review of this appeal. Specifically, the orders of the trial court, dated March 16, 1984, and March 20, 1984, appear to be in conflict.
We point out our following concerns to the parties and the trial court:
1. Count III is a claim for both compensatory and punitive damages.
2. If it was the intent of the trial court’s order of March 16, 1984, to allow the filing of the amendment to Count III, it was incumbent upon the defendants named therein to file thereafter a motion to dismiss the count in its entirety or a motion to strike in its entirety based upon legitimate affidavits, not those based upon information and belief. In the alternative, should the defendants seek the striking only of. punitive damages, an appropriate motion to strike would be necessary. In all events, hearing upon said motions after due notice would be necessary.
3. If it was not the trial court’s intent to allow the belated amendment, then the original Count III stands as dismissed.
4. The striking of a claim for punitive damages is not reviewable by appeal or certiorari, prior to plenary appeal.
5. The dismissal of one count of a multi-count complaint may or may not be reviewable, piecemeal.
6. The appellees’ failure to file any briefs has been a hindrance to the disposition of this appeal.
All of the parties are ordered to file a true copy of the trial court’s clarifying order within forty-five days.
With respect to paragraph 5 of the proposed order, I find the present case similar to Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla.1974), which held:
It is our view the third count sets up a distinct and separate cause of action. It was based entirely on tort-fraud and illegality. It stood apart from the other two counts based on breaches of contract, respectively of the hospital association and the insurer. It arose from the alleged fraudulent issuance of the insurance policy originally and had naught to *498 do with breaches of the policy after it was issued.
It is our view that the rationale of the Duncan case should control under the described situation in the instant case where there is a distinct and separate cause of action and it makes no essential difference whether the distinct cause of action arises in a plaintiffs complaint or in a defendant’s counterclaim or cross-claim. We agree with Duncan that the “... rule [against a partial appeal] is relaxed where the judgment, order or decree adjudicates a distinct and severa-ble cause of action.”
Id. at 4-5.
An incisive overview of this problem can be found in the scholarly article authored by Gerald T. Wetherington, chief judge of the Eleventh Judicial Circuit, the title of which is Appellate Review of Final and Non-Final Orders in Florida Civil Cases — An Overview, 47 Law & Contemp. Prob. 63 (1984).