484 So.2d 615 (1985)
BAY & GULF LAUNDRY EQUIPMENT COMPANY, INC., Appellant,
v.
CHATEAU TOWER, INC., Appellee.
No. 85-224.
District Court of Appeal of Florida, Second District.
July 19, 1985.
Charles E. Bergmann of Yado, Keel, Nelson, Casper, Bergmann & Newcomer, P.A., Tampa, for appellant.
Leonard S. Englander of Englander, Brainard, DiSano & Leeds, Largo, for appellee.

*616 ON MOTION TO DISMISS
PER CURIAM.
Appellee filed a motion to dismiss this appeal alleging that the summary judgment herein only disposed of one out of three counts of appellant's complaint. The summary judgment order was ambiguous as to whether it was meant to dispose of all counts in the complaint. This court relinquished jurisdiction and the trial court entered an "Amended Final Judgment After Remand" which clearly disposed of all counts of the complaint by summary judgment in favor of defendant. Because the whole cause was disposed of below, the order appealed from is a final order and thus appealable.
Ordinarily, we would not write an opinion merely to deny the motion to dismiss in such a case. However, we deem it necessary to discuss a contention made by appellant's attorney in the response to the motion to dismiss concerning new rule 9.110(k), Florida Rules of Appellate Procedure, effective January 1, 1985. In arguing that the order herein is appealable even if it only disposed of count I, appellant contends that "Rule 9.110(k) Fla.R.App.P. provides that partial summary judgments are reviewable as final orders." Rule 9.110(k) does not so provide. It is important to note that the exact text of that portion of the new rule is "partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case." [Emphasis supplied]. The commentary to the rule states that subsection (k) was added to remedy a pitfall under Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla. 1974). Mendez held that certain partial judgments, which are unrelated to remaining portions of the case, are immediately appealable as final judgments in themselves and, further, that they are not appealable at the end of the case. Case law subsequent to Mendez makes it clear that most partial judgments are interrelated with remaining portions of the case and thus not final and not immediately appealable.[1] The intent and wording of the new rule was to make final partial judgments also appealable at the end of the case. The rule does not make all partial judgments immediately appealable nor does it expand in any way the class of orders immediately appealable.
Although appellant's attorney does not correctly interpret rule 9.110(k), Florida Rule of Appellate Procedure, because the order appealed from disposes of the whole case as appellant alternatively contends, appellee's motion to dismiss is hereby denied.
GRIMES, A.C.J., and SCHEB and DANAHY, JJ., concur.
NOTES
[1] See cases cited in Haddad, Partial Final Judgments: A Persistent Problem in Appellate Practice, 52 Fla.Bar J. 204 (1979).