497 So.2d 701 (1986)
TADDIE UNDERGROUND UTILITY COMPANY, INC., Appellant,
v.
SLOAN PUMP COMPANY, INC., Appellee.
No. 86-1570.
District Court of Appeal of Florida, Second District.
November 7, 1986.
*702 Richard Benjamin Wilkes and Wanda A. Hagan of Trenan, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellant.
David R. Elder of Leiby and Elder, P.A., Miami, for appellee.

ON MOTION TO DISMISS
PER CURIAM:
Appellee has filed a motion to strike which this court has treated as a motion to dismiss for nonappealability of the order of which review is sought.
Sloan Pump Company, Inc., (Sloan), filed a multicount complaint against Taddie Underground Utility Company, (Taddie). Taddie responded with a counterclaim against Sloan based on the same business transaction but alleging different causes of action. Counterdefendant Sloan filed a motion for summary judgment as to the counterclaim. The court granted summary judgment as to count II of the counterclaim. The balance of the case remains pending. Taddie contends that the summary judgment is appealable either as a final judgment or as an appealable nonfinal order.
First, as to the partial summary judgment being a final judgment, Taddie argues:
One could argue that the facts surrounding Count II of the Second Amended Counterclaim relate directly to Counts III, IV and VI of the amended complaint because all involve the issuance of the joint check to Taddie and Sloan Pump. However, the elements of tortious interference with contract do not correspond with the elements of the causes of action in the amended complaint.
Taddie's argument reflects a common misconception about the appealability of partial judgments pursuant to Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974). In Mendez, the court stated that a final appeal would lie from a partial dismissal disposing of not merely a different count or counterclaim but one which constituted "a separate and distinct cause of action ... not interdependent with other pleaded claims." Mendez, 303 So.2d at 5. If a partial judgment were considered a final judgment just because it disposed of a different cause of action containing different elements virtually every partial judgment could be appealed. This is because, technically, every different count or counterclaim has some different elements. However, subsequent cases reaffirm the above-quoted language in Mendez and make it clear that the cause of action must be separate and distinct, not just different. See cases cited in Haddad, Partial `Final' Judgments: A Persistent Problem in Appellate Practice, 53 Fla.Bar J. 204 (Apr. 1979). Here the disposed of and remaining causes of action are interrelated, and therefore, there is no appealable final judgment.
Taddie also points to rule 9.030(b)(1)(B), Florida Rules of Appellate Procedure, as giving this court jurisdiction. That rule simply refers to rule 9.130(a)(3) which makes certain nonfinal orders appealable. Taddie does not specify which category under rule 9.130(a)(3) this nonfinal order falls into. The closest category we can find is 9.130(a)(3)(C)(iv) making appealable nonfinal orders which determine the issues of liability in favor of a party seeking affirmative relief. The order here does not fit this category because it is in favor of the counterdefendant, not the party seeking affirmative relief. Hence, the order *703 is not one of the types of nonfinal orders made appealable under rule 9.130.
Therefore, this appeal is hereby dismissed without prejudice to seek review on appeal from the final judgment in the case.
Dismissed.
CAMPBELL, A.C.J., and SCHOONOVER and HALL, JJ., concur.