PER CURIAM.
By a complaint for replevin, conversion and professional negligence, the petitioner sought, among other things, an order for the return of $58,000 held in trust by his former attorney. There was never an agreement between the petitioner and the respondents that the funds would be used to pay attorney’s fees.
In a letter responding to the petitioner’s first demand for the return of the trust funds, the respondent-attorneys wrote:
[Pjlease rest assured that [the $58,000] is deposited in a trust account and will not be released to your greedy little hands until I am compensated for my services and the United States government releases me of any responsibility in connection with the forfeiture of these monies.
The United States government, however, has made no claim to the monies.
The order on review, by petition for writ of certiorari, dismissed the first count for replevin and denied the dismissal as to the counts for conversion and negligence.
As the petitioner impliedly concedes, the order of the trial court is not an appealable non-final order. The fund is still held in trust by the respondent, awaiting an order determining the right to possession. See Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) (non-final order which determines the right to immediate possession of property is reviewable by appeal). Further, the trial court must still decide whether the fund has been converted.[1] See Mendez v. West Flagler Family Ass’n, 303 So.2d 1 (Fla.1974) (where two claims are legally interrelated and involve the same transaction, a review will not be permitted as to the dismissal of one of the claims), and Aero Int’l Corp. v. Florida Nat’l Bank, 437 So.2d 156 (Fla. 3d DCA 1983) (funds held in a trust account may be the subject of an action for conversion), rev. denied, 449 So.2d 264 (Fla.1984).
Neither is the order reviewable by certiorari because no irreparable harm, nor an inadequacy of legal remedies, has been demonstrated. See Ovadia v. Doctors’ Hosp. of South Miami, Ltd., 557 So.2d 137 (Fla. 3d DCA 1990) (appellate court has no jurisdiction to review an order dismissing a complaint on a petition for writ of certiora-ri where the petitioner has an adequate remedy by appeal from the final order or final judgment when entered).
Certiorari denied.

. Chapter 5 of the Rules Regulating the Florida Bar provides in pertinent part:
Rule 5-1.1 TRUST ACCOUNTS
Money or other property entrusted to an attorney for a specific purpose, including advances for costs and expenses, is held in trust and must be applied only to that purpose.
Money and other property of clients coming into the hands of an attorney are not subject to counterclaim or setoff for attorney fees, and a refusal to account for and deliver over such property upon demand shall be deemed a conversion.