PER CURIAM.
Appellant, Roger Triplett, appeals from the trial court’s order granting final summary judgment on four counts of a multi-count amended complaint. We reverse in part and dismiss the balance of the appeal.
This case concerns the forfeiture of a deposit pursuant to a contract for the purchase of a yacht. Appellant filed an eleven-count complaint against defendants seeking to recover the amount of the forfeited deposit. Counts I-V alleged breach of contract against FMB Investments, Inc. Count VI alleged unjust enrichment against Oviatt Marine, Inc. Count VII alleged unjust enrichment against LBB/Oceantide, Inc., and counts VIII-XI alleged conversion against LBB/Oceantide and Frank Burns. The trial court granted summary judgment in favor of FMB Investments as to counts II and IV, in favor of Oviatt Marine as to count VI, and in favor of LBB/Oceantide as to count VII.
Although not raised by the parties, we find that this appeal, as it pertains to all defendants except Oviatt Marine, is premature and must be dismissed without prejudice because the order being appealed deals with the same transaction and parties as are involved in the remaining undisposed-of counts. See Mendez v. West Flagler Family Ass’n, Inc., 303 So.2d 1, 3-5 (Fla.1974); Stein v. Hospital Corp. of America, 481 So.2d 1264, 1265 (Fla. 4th DCA 1986).
We reverse the trial court summary judgment in favor of Oviatt Marine, Inc. Genuine issues of material fact remain as to appellant’s claim and Oviatt’s defenses. Furthermore, this record does not contain undisputed evidence establishing that appellant has an adequate remedy at law against Oviatt, thereby precluding a claim based on unjust enrichment.
DISMISSED IN PART; REVERSED IN PART and REMANDED.
STONE, C.J., and DELL and GUNTHER, JJ., concur.