917 So.2d 1060 (2006)
FLORIDA LIFESTYLES REALTY, INC., and W. Robert Elkins, Appellants,
v.
John Charles GOODWIN and Don Goodwin & Sons, Inc., and Barbara Bicknell, Appellees.
No. 2D05-981.
District Court of Appeal of Florida, Second District.
January 18, 2006.
J. Christopher Robbins and Serri E. Miller of The Robbins Law Firm, P.A., St. Petersburg, for Appellants.
Charles W. Gerdes of Keane, Reese, Vesely & Gerdes, P.A., St. Petersburg, for Appellees.
*1061 PER CURIAM.
Florida Lifestyles Realty, Inc., and W. Robert Elkins appeal an order dismissing with prejudice a single count of their six-count complaint against John Charles Goodwin, Don Goodwin & Sons, Inc., and Barbara Bicknell. We dismiss the appeal because the order is not a partial final judgment appealable under Florida Rule of Appellate Procedure 9.110(k). The count that was dismissed is interrelated with at least one of the remaining counts.
The record in this appeal is very limited and contains no evidence. The lawsuit arises out of a disagreement between two real estate agents that were involved in a real estate transaction. Mr. Elkins, president of Florida Lifestyles Realty, listed a parcel of property and allegedly produced a prospective buyer, Mr. Goodwin. Mr. Goodwin is a licensed realtor. Mr. Goodwin allegedly entered into a separate contract with the owner of the parcel and did not pay Mr. Elkins a commission. In response, Mr. Elkins apparently did not return a deposit and withheld commissions that Mr. Goodwin claimed were due to him. Because both men were members of the Board of Realtors, Mr. Goodwin filed an arbitration claim against Mr. Elkins for money damages under the arbitration rules of that organization. He also filed an ethics complaint against Mr. Elkins under the ethics rules of the same organization. Ultimately, Mr. Elkins prevailed in both the arbitration proceeding and the ethics complaint.
Mr. Elkins and Florida Lifestyles Realty then filed a six-count complaint against Mr. Goodwin, his corporation, and another realtor, Ms. Barbara Bicknell. The first four counts sought to allege tortious interference with contract and civil conspiracy against Mr. Goodwin, Ms. Bicknell, and Mr. Goodwin's corporation. Count five alleges malicious prosecution against Mr. Goodwin for bringing the arbitration claim, and count six alleges malicious prosecution against Mr. Goodwin for filing the ethics complaint.
Mr. Goodwin moved to dismiss counts one, five, and six of the complaint for failure to state a cause of action. The trial court denied the motion as to counts one and six. It dismissed count five with prejudice, concluding that an arbitration proceeding can never provide the basis for a malicious prosecution claim. Mr. Elkins has appealed the order dismissing this one count.
Whether an arbitration proceeding under the rules of such a private processional organization is sufficiently similar to a judicial proceeding so that it should receive comparable treatment for the tort of malicious prosecution is an interesting question that we cannot resolve in this appeal. We must dismiss the appeal for lack of jurisdiction.
Florida Rule of Appellate Procedure 9.110(k) allows for appellate review of partial final judgments. A final appeal of the dismissal of a single count of a multicount complaint may be taken if that count constitutes a separate and distinct cause of action, not interdependent with other pleaded claims. Mendez v. W. Flagler Family Ass'n, 303 So.2d 1 (Fla.1974). In Szewczyk v. Bayshore Props., 456 So.2d 1294, 1296 (Fla. 2d DCA 1984), this court suggested a three-part test for determining whether a partial final summary judgment is final and appealable:

*1062 1. Could the causes of action disposed of in the dismissed count be maintained independently of each other?
2. Were one or more parties removed from the action when the partial summary judgment was entered?
3. Are the counts separately disposed of based on the same or different facts?
(Citations omitted.)
Here, although counts five and six are arguably distinct and severable from the first four counts of the complaint, those two counts are based on the same malicious prosecution theory and would be resolved on essentially the same facts. Mr. Goodwin's arbitration claim contained the same charges and discussed the same set of facts as Mr. Goodwin's ethics complaint. A discussion of these same underlying facts would be necessary to support a claim of malicious prosecution whether based on the arbitration claim or the ethics complaint.
We conclude that count five is interrelated with count six of Florida Lifestyles Realty and Mr. Elkins' complaint and is not a "separate and distinct cause of action... not interdependent with other pleaded claims." Mendez, 303 So.2d at 5. We therefore dismiss this appeal for lack of jurisdiction.
Dismissed.
ALTENBERND, WHATLEY, and WALLACE, JJ., Concur.