ORDER ON JURISDICTION

KLEIN, J.
Appellant Jimenez was injured when a truck, which was owned by his employer, Rinker, overturned while he was driving it. He brought this suit against his employer, Rinker, and other defendants. His claims against Rinker included the intentional misconduct exception to worker’s compensation immunity, a claim which remains pending in the trial court. The court dismissed additional claims Jimenez alleged against Rinker based on spoliation of evidence and a violation of section 440.39(7), Florida Statutes (2002), which requires an employer to cooperate with the employee in the prosecution of claims against third party tortfeasors.
The trial court dismissed with prejudice the spoliation and breach of duty to cooperate claims. The question before us is whether the dismissal of the counts based on spoliation or the statutory violation are appealable, while the tort claim is still pending in the trial court.
Under Mendez v. West Flagler Family Ass’n, 303 So.2d 1 (Fla.1974), an order disposing of a separate and distinct cause *533 of action, which is not interdependent with other claims still pending, is immediately appealable. In Mendez there were separate counts alleged against an insurer, one for fraud arising from the procurement and issuance of a policy, and another for breach of the insurance contract. In holding that the claims were separate and distinct, the Florida Supreme Court pointed out that the fraud claim had to do with the issuance of the policy and was unrelated to the subsequent breach of the policy after it was issued. Mendez required that the initial order disposing of a claim had to be appealed at the time; however, rule 9.110(k), which was passed in response to Mendez, allows the appeal to be taken immediately or at the end of the entire case. Pellegrino v. Horwitz, 642 So.2d 124 (Fla. 4th DCA 1994).
Because the claim still pending below involves a breach of duty by the employer occurring before the truck accident occurred, and the dismissed claims involved different conduct which occurred after the accident, we accordingly agree with appellant that under Mendez we have jurisdiction of this appeal.
TAYLOR and MAY, JJ., concur.