MAY, J.
 

 This is a classic case of which comes first, the proverbial cart or the horse. Here, the issue is whether the trial court could order the return of assessment monies after declaring the assessment invalid before the litigation came to an end. Specifically, the master property owners association argues the trial court erred in compelling the refund of a special assessment when several other counts of the same complaint involving the special assessment remained pending. We hold the end of the litigation must come first. We therefore reverse the order compelling the refund as premature for the reasons that follow.
 

 The defendant is a residential development that has a master property owners association; all residents must be members. The plaintiffs are smaller associations within the development. The smaller associations are responsible for collecting monies from their residents to pay the assessments to the master association.
 

 At a special meeting of the board of directors of the master association in November 2006, the board voted to impose a special assessment of $35 per month/per unit for 2007, to be held in escrow until the annual meeting. The master association held a meeting in April 2007, where the board amended the bylaws to give the master association the unconditional right to alter, modify, change, revoke, rescind, or cancel restrictive covenants and amend the bylaws. The smaller associations collected $477,000 and paid the master association.
 

 The smaller associations filed a complaint seeking declaratory relief on three grounds, and damages for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, conversion, and an equitable accounting. The smaller associations then filed a motion for summary judgment on two counts for declaratory relief. The trial court heard argument about the inadequate notice of the board meeting and granted the motion on the two counts. In doing so, the court commented:
 

 Here’s what we’re going to do, plaintiff concedes that Count II should be granted. So I’m going to grant the motion for summary judgment as to Count II. As to Count I, I find — I’d like an order drawn, I’m going to grant both motions. So I’d like an order saying there is a factual dispute as to whether or not the members of the board were noticed and whether there was a proper posting of the notice.... Having said that, comparing the statute 720.303(c) 1 and 2 to the ... bylaws, ... I’m going to find that the bylaws do not comply with the dictates of the statute, and therefore the statute governs, and the statute requires written notice of any meeting at which
 
 *896
 
 special assessments will be considered. The statute says that those meetings must be mailed, delivered or electronically transmitted to the members and parcel owners, as well as being posted conspicuously within 15 days of the meeting. I find that there is no factual dispute, that was not done.
 

 And based on the failure to comply with the statute, I’m going to grant summary judgment as to Count I as well.
 

 The master association did not appeal that judgment.
 

 Several months later, when the master association did not return the special assessment monies, the smaller associations moved to compel turnover of the monies. The master association argued the funds had not been returned because the counts for declaratory relief never sought a return of the assessment monies. The trial court found that the smaller associations had sufficiently pled a request for the return of the monies, both in the complaint and in the motion for summary judgment, and granted the motion. The court denied the master association’s
 
 ore tenus
 
 motion for stay.
 

 On appeal, the master association argues the trial court erred in compelling the return of the assessment monies for three reasons. First, the complaint failed to request the return of the monies in the two counts for declaratory relief or in the smaller association’s motion for summary judgment. Second, monetary relief should not have been granted because the summary judgment was a non-final, non-ap-pealable order for declaratory relief. And third, the trial court could not award the ultimate monetary relief before a final judgment was entered.
 

 The smaller associations respond that both the complaint and the motion for summary judgment requested the return of the assessment monies. The smaller associations also argue the master association’s failure to appeal the summary judgment as a final order prevents it from arguing against the return of the assessment monies.
 

 As to the first argument, the trial court correctly found the small associations had requested a refund in both the complaint and the motion for summary judgment. In the complaint’s prayer for relief on the first count for declaratory judgment, the smaller associations asked for a declaration “that all funds paid to the POA pursuant to the Special Assessment shall be returned to the HOAs or their respective Residential Unit owner members.... ” In the summary judgment motion, the smaller associations requested entry of “a summary judgment, declaring that the 2007 special assessment is invalid and thus that the special assessment moneys collected must be returned to the homeowners ....” To suggest the smaller associations failed to request the return of the assessment monies is simply disingenuous.
 

 The second and third issues overlap and are slightly more complicated. They boil down to whether the summary judgment for declaratory relief was final for purposes of appeal. If so, the master association failed to appeal in a timely manner and cannot now contest the supplemental relief granted by the court. If not, then the trial court prematurely ordered the refund of the' special assessment monies before entry of a final judgment.
 

 “[Pjiecemeal appeals should not be permitted where claims are legally interrelated and in substance involve the same transaction. However, when it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable ... and not delayed of appeal because of the pendency of other claims
 
 *897
 
 between the parties.”
 
 Mendez v.
 
 W.
 
 Flagler Family Ass’n. Inc.,
 
 303 So.2d 1, 5 (Fla.1974).
 

 Here, the “final” summary judgment was not final or appealable because four of the remaining seven counts concerned the special assessment. As such, the two counts for declaratory relief are interdependent and not separate and distinct from four of the remaining counts. This renders the final summary judgment a non-final, non-appealable order under
 
 Mendez
 
 and Florida Rule of Appellate Procedure 9.110(k). As a non-final, non-appealable order, the question then becomes whether the trial court correctly compelled the refund of the assessment monies before a final judgment was entered.
 

 “It is entirely settled by a long and unbroken line of Florida cases that in an action at law for money damages, there is simply no judicial authority for an order requiring the deposit of the amount in controversy ... or indeed for any restraint upon the use of a defendant’s unrestricted assets prior to the entry of judgment.”
 
 Konover Realty Assocs., Ltd. v. Mladen,
 
 511 So.2d 705, 706 (Fla. 3d DCA 1987) (citations omitted). While the deposit in
 
 Konover
 
 is different than the return of the assessment monies in this case, the principle is the same. You cannot put the proverbial cart before the horse. Although the trial court declared the special assessment invalid, the master association did not have the ability to appeal that ruling before the court ordered the return of the assessment monies. To rule otherwise would deprive the master association of its appellate rights.
 

 We therefore reverse and remand with directions to vacate the order compelling return of the special assessment funds and for further proceedings.
 

 Reversed and Remanded.
 

 WARNER and TAYLOR, JJ., concur.