BENTON, C.J.
We are asked to review a partial final judgment entered in an ongoing circuit court proceeding. By motion to dismiss the amended complaint that had added it as a party defendant more than two years after a fatal automobile accident, J.P.A. Enterprises, LLC, set up the statute of limitations as foreclosing wrongful death claims against it. The amended complaint had alleged that three persons died, and that four others suffered bodily injury, in a single crash for which J.P.A. Enterprises, LLC, and the original defendants were legally responsible.
Finding the statute of limitations argument meritorious, the trial court entered “Partial Final Judgment as to Defendant J.P.A. Enterprises, LLC,” ruling that the wrongful death claims against J.P.A. Enterprises, LLC, were bai'red. The partial final judgment left pending all claims against other defendants, as well as the four survivors’ claims, on their own behalf, against J.P.A. Enterprises, LLC. The personal representatives appeal the partial final judgment which disposed of their wrongful death claims only as to J.P.A. Enterprises, LLC.
We dismiss the appeal. At issue is whether an appeal lies now: Without question, the partial final judgment against the personal representatives and in favor of J.P.A. Enterprises, LLC is “reviewable ... on appeal from the final judgment in the entire case.” Fla. R.App. P. 9.110(k). To be sure, subsection (k), added in 1984, sets out the general rule that partial final judgments adjudicating separate and distinct claims can be appealed when rendered, and the same provision requires prompt appeal when a “partial final judgment totally disposes of an entire case as to any party.” Fla. R.App. P. 9.110(k).
But the partial final judgment in the present case did not dispose of the “entire *1219 case” as to any party; and the “1984 amendment to the appellate rule ‘does not make all partial judgments immediately appealable nor does it expand in any way the class of orders immediately appeal-able.’ Bay & Gulf Laundry Equip. Co., Inc. v. Chateau Tower, Inc., 484 So.2d 615, 616 (Fla. 2d DCA 1985); Pellegrino v. Horwitz, 642 So.2d 124 (Fla. 4th DCA 1994).” Campbell v. Gordon, 674 So.2d 788, 786 n. 4 (Fla. 1st DCA 1996).
Where all parties remain in a case after an order is entered, the order cannot be said to dispose of the “entire case” as to any party for purposes of rule 9.110(k). See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974); C.P. Ward, Inc. v. Enter. Bldg. Corp., 497 So.2d 700 (Fla. 2d DCA 1986) (dismissing an appeal from an order that dismissed a cross-claim, where the plaintiffs interrelated claims remained pending against defendants); Miami-Dade Water & Sewer Auth. v. Metro. Dade County, 469 So.2d 813, 814 (Fla. 3d DCA 1985) (dismissing appeal from order that disposed of cross-claim where “all of the parties involved in this case remain in the lawsuit to litigate the pending claims”). Cf., e.g., Andrew v. Shands at Lake Shore, Inc., 970 So.2d 887, 889 (Fla. 1st DCA 2007) (finding jurisdiction where the lower tribunal’s “order disposes of the entire ease as to an individual party”); Behavioral Healthcare Options, Inc. v. Charter Behavioral Health Sys. of Tampa Bay, Inc., 727 So.2d 1135, 1136 (Fla. 2d DCA 1999) (holding order reviewable that dismissed only one plaintiffs claims because “there are no remaining counts in which [he] is a party”). Both the personal representatives and J.P.A. Enterprises, LLC, remain parties in the case below. Because the “Partial Final Judgment as to Defendant J.P.A. Enterprises, LLC” does not resolve the “entire case” as to any party, appeal is not required at this juncture.
Nor is appeal at this time permitted. A “partial dismissal of a complaint is only reviewable when it is established that the dismissed claims are not legally and factually interrelated with the remaining claims. Mendez v. West Flagler Family Ass’n, 303 So.2d 1, 5 (Fla.1974); Swan v. St. Thomas Univ., 592 So.2d 351, 352 (Fla. 3d DCA 1992); Taddie Underground Util. Co., Inc. v. Sloan Pump Co., Inc., 497 So.2d 701, 702 (Fla. 2d DCA 1986).” Lambou v. Wakulla County, 919 So.2d 678, 678-79 (Fla. 1st DCA 2006). If an order does not finally end the judicial labor in a case, “[p]ieeemeal appeals will not be permitted where claims are interrelated and involve the same transaction and the same parties remain in the suit.” Webb, 304 So.2d at 99.
The counts set out in the amended complaint in the present case are interrelated. See Jimenez v. Cmty. Asphalt Corp., 947 So.2d 532, 532-33 (Fla. 4th DCA 2006) (stating that an order is not immediately appealable where, even though it disposes of a separate and distinct cause of action, other, interdependent claims remain pending); Pellegrino v. Horwitz, 642 So.2d 124, 126-27 (Fla. 4th DCA 1994) (holding final orders that did not dismiss all interrelated claims involving the same transaction and parties were not immediately appealable). While dismissal on statute of limitations grounds differs from adjudication of the merits of a claim, the claims remain interrelated. See Gassner v. Caduceus Self Ins. Fund, Inc., 532 So.2d 1133, 1133 (Fla. 4th DCA 1988) (dismissing appeal from partial summary judgment granted on exhaustion of administrative remedies grounds where other counts remained pending on merits). “ ‘The test to determine whether counts of a multicount complaint are interrelated, so as to preclude a piecemeal appeal, is whether the counts arise from a set of common facts or *1220 a single transaction, not whether different legal theories or additional facts are involved in separate counts.’ ” Mass. Life Ins. Co. v. Crapo, 918 So.2d 393, 394 (Fla. 1st DCA 2006) (quoting Lemon v. Groninger, 708 So.2d 1025, 1027 (Fla. 5th DCA 1998)). Each count stated below arose from a single automobile accident.
Dismissed.
VAN NORTWICK and ROBERTS, JJ., concur.