SILBERMAN, Judge.
Group W., Inc., and Jerry Wilson appeal a nonfinal order denying their Proceedings Supplementary Motion to File Third Party Complaint and Petition for Writ of Attachment (the Proceedings Supplementary Motion). We affirm.
In 1998, Group W. and Wilson obtained a second amended judgment against the William H. Morris Company, William H. Morris, and others. This judgment (the California judgment) was entered by the United States District Court for the Central District of California. Later, Group W. and Mr. Wilson attempted to domesticate the California judgment pursuant to sections 55.501-55.509, Florida Statutes (2003), the Florida Enforcement of Foreign Judgments Act. In January 2004, Mr. Morris filed a Complaint for Declaratory Relief, seeking a declaration that enforcement of the California judgment was barred by the five-year statute of limitations contained in section 95.11(2)(a), Florida Statutes (2003). Group W. and Mr. Wilson answered the complaint and filed a counterclaim and third-party complaint.
In April 2004, the trial court entered a Partial Summary Judgment, concluding that Group W. and Mr. Wilson “are precluded by the statute of limitations from taking any actions to collect on the underlying judgment other than seeking to enforce the judgment as a recorded instrument possibly creating a lien on real property in Pasco County, Florida.” The court reserved jurisdiction to determine whether Group W. and Mr. Wilson have a valid and enforceable lien on real property in Pasco County. The counterclaim and third-party complaint also remained *277 pending. No appeal was taken from the Partial Summary Judgment.
In March 2005, Mr. Wilson filed his Proceedings Supplementary Motion, asserting that the California judgment had been domesticated in Florida and requesting leave to file a third-party complaint and petition for writ of attachment against the William H. Morris Company and Mr. Morris. The trial court denied Mr. Wilson’s motion, making specific reference to the earlier Partial Summary Judgment.
In this appeal, Group W. and Mr. Wilson argue that the trial court’s Partial Summary Judgment, concerning the statute of limitations, was wrong and that, as a result, the trial court should have granted the Proceedings Supplementary Motion. The appellees, including William H. Morris Company and Mr. Morris, argue that Group W. and Mr. Wilson did not timely appeal the Partial Summary Judgment and cannot now challenge the correctness of that order.
“[Pjartial final judgments are renewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case.” Fla. R.App. P. 9.110(k); see also Bay & Gulf Laundry Equip. Co. v. Chateau Tower, Inc., 484 So.2d 615 (Fla. 2d DCA 1985). Group W. and Mr. Wilson did not appeal the Partial Summary Judgment as a partial final judgment as contemplated by rule 9.110(k). Further, the entire case has not yet been resolved by final judgment in that Group W. and Mr. Wilson’s counterclaim and third-party complaint have not yet been resolved and the trial court reserved jurisdiction to determine whether Group W. and Mr. Wilson have an enforceable judgment lien on real property in Pasco County. Moreover, the order denying the Proceedings Supplementary Motion does not dispose of the entire case. Thus, there is no basis for Group W. and Mr. Wilson to obtain review of the Partial Summary Judgment in this appeal.
Because Group W. and Mr. Wilson have not presented any cognizable argument to demonstrate error with respect to the order denying the Proceedings Supplementary Motion, we affirm. Our decision does not preclude Group W. and Mr. Wilson from pursuing any appellate remedies that they may have in relation to the Partial Summary Judgment once a final judgment is entered disposing of the pending case.
Affirmed.
DAVIS and VILLANTI, JJ„ Concur.