345 So.2d 726 (1977)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Penny Lynn Maddox, Petitioners,
v.
AMERICAN HARDWARE MUTUAL INSURANCE COMPANY, Respondent.
No. 50210.
Supreme Court of Florida.
April 28, 1977.
R. Fred Lewis, of Kuvin, Klingensmith & Lewis, Miami, for petitioners.
John A. Murray and Sam Daniels, Miami, for respondent.
HATCHETT, Justice.
We are called upon to determine whether an order issued by the Eleventh Circuit Court of Florida is a final appealable order. The Third District Court of Appeal held that it was not. State Farm Mutual Automobile Ins. Co. v. American Hardware Mutual Ins. Co., 336 So.2d 624 (Fla.3d DCA *727 1976). That decision conflicts with S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974); Hotel Roosevelt Co. v. City of Jacksonville, 192 So.2d 334 Fla.1st DCA 1966); and Leeward and Hart Aeronautical Corp. v. South Central Airlines, 184 So.2d 454 (Fla.1st DCA 1966). We have jurisdiction.[*]
This case arose from an automobile accident between petitioner, Penny Lynn Maddox, and Mr. and Mrs. Julio Perez. At the time of the accident, petitioner was driving a vehicle owned by and leased from Hallett Pontiac and Day Car, Inc. Petitioner took her own car to Hallett Pontiac for repair work and attempted to lease a vehicle from Day Car, Hallett's rental company, while hers was in the shop. Because Miss Maddox was a minor (19), Day Car refused to rent her a car. They did rent a car to petitioner's adult sister, however, with knowledge that petitioner would be the driver of the vehicle.
At all times material to this case, Hallett Pontiac and Day Car were insured under a policy with American Hardware Mutual Insurance Company, but the policy covered only those vehicles rented to customers of the insured while such customers' vehicles were temporarily left for service, repair, or resale. Petitioner Maddox was insured by State Farm Mutual Automobile Insurance Company.
Mr. and Mrs. Perez filed suit against Maddox, State Farm, Day Car, Hallett Pontiac, and American Hardware alleging that Maddox had negligently operated a motor vehicle owned by Hallett/Day Car and that both State Farm and American Hardware provided liability coverage.
On September 13, 1974, Maddox and State Farm filed a cross claim against American Hardware, alleging that Hallett/Day Car leased the car with full knowledge that Maddox would be the driver; thus, American Hardware should afford primary liability insurance for the accident.
In June, 1975, American Hardware, Day Car and Hallett Pontiac filed a cross claim against State Farm.
On September 11, 1977, a third cross claim was filed by Hallett/Day Car against American Hardware. It was their contention that American Hardware owed them coverage under the insurance policy and under the law of waiver and estoppel.
As the case proceeded to trial, petitioners requested that the issue of insurance coverage be set for separate trial. On September 26, 1975, the trial judge held a hearing:
... upon the severed insurance coverage issues presented by the cross claim filed by State Farm Mutual Automobile Insurance Company and Penny Lynn Maddox, defendants and cross claimants herein, against American Hardware Mutual Insurance Company, defendant and cross defendant herein, and the cross claim filed by Day Car, Inc., Hallett Pontiac, Inc., and American Hardware Mutual Insurance Company, defendants and cross claimants herein, against State Farm Mutual Automobile Insurance, defendant and cross defendant herein... ."
Not heard at this time was the September 11, 1975, cross claim by Hallett Pontiac and Day Car against American Hardware.
In an order, styled "Final Judgment Upon Severed Insurance Coverage Issues," the trial court held in pertinent part:
1. There was no liability coverage for Hallett Pontiac, Inc., and Day Car, Inc., upon the rental vehicle involved in this case, under the aforementioned insurance policy of American Hardware Mutual Insurance Company.
2. There was liability coverage for Hallett Pontiac, Inc., and Day Car, Inc., upon the rental vehicle involved in this cause, under the aforementioned insurance policy of State Farm Mutual Automobile Insurance Company and Hallett Pontiac, Inc., and Day Car, Inc., were and are entitled to a defense in this cause by State Farm Mutual Automobile Insurance Company, in their behalf.
3. The cross claimants, State Farm Mutual Automobile Insurance Company *728 and Penny Lynn Maddox, take nothing by their cross claim and that cross defendant, American Hardware Mutual Insurance Company, go hence without day and recover its costs from cross complainants to be assessed hereinafter.
The trial court reserved jurisdiction upon the cross claim of Day Car, Hallett, and American Hardware against State Farm for the purpose of establishing damages, costs, and fees.
The Third District Court dismissed an appeal taken by petitioners on the ground that the Final Judgment Upon Severed Insurance Coverage Issues was not a final appealable order. It is that decision we review here.
Petitioners argue that the Final Judgment Upon Severed Insurance Coverage Issues is a final appealable order. It is their contention that, although other issues between other parties may remain, the judgment in this case totally settled all claims or issues between the parties directly affected, Maddox and State Farm on one hand, and American Hardware on the other hand. Respondents argue that several issues remain to be settled. Pending below is the cross claim of Day Car and Hallett Pontiac against American Hardware and plaintiff's original complaint against American Hardware. In addition, it has never been determined whether American Hardware owes coverage to Maddox.
In S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974), we stated: "[T]he test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected." Id. at 99. We have held steadfastly to this definition. Hotel Roosevelt Co. v. City of Jacksonville, supra; Leeward and Hart Aeronautical Corp. v. South Central Airlines, supra. We are not convinced that a change of the rule is necessary although application in some cases is difficult.
After careful review of the judge's order, we find that he has fully determined the rights of the parties directly affected. He has held that State Farm is responsible for the defense of Hallett/Day Car and that there is no liability coverage for Hallett/Day Car under the policy issued by American Hardware. We note, however, with disapproval, that in reaching his decision, the trial judge passed upon issues not squarely presented by the pleadings called for hearing. The trial judge heard and determined all issues on insurance coverage even though some of those issues were not yet "ripe" for hearing.
The decision of the Third District Court is quashed and the cause remanded with instructions to consider the case on the merits.
It is so ordered.
OVERTON, C.J., and ADKINS and BOYD, JJ., concur.
KARL, J., dissents.
NOTES
[*] Article V, Section 3(b)(3), Florida Constitution.