369 So.2d 974 (1979)
Stephen J. HATCH and Robert M. Locke, Jr., As General Partners of Minot Limited Partnership, Appellants,
v.
John MINOT, As Trustee, Appellee.
No. 78-907.
District Court of Appeal of Florida, Second District.
March 14, 1979.
Rehearing Denied April 18, 1979.
*975 Toby Brigham, of Brigham, Reynolds, Bryne & Moore, Miami, for appellants.
William M. Hereford, of Strode, Hereford & Taylor, Sarasota, for appellee.
DANAHY, Judge.
Appellants (the mortgagors) are the purchasers, owners and mortgagors of a tract of vacant land from which a parcel was taken by an action in eminent domain. Appellee (the mortgagee) is the holder of the purchase money mortgage encumbering the tract. The mortgagors, by the filing of a notice of interlocutory appeal, seek review of an order entered in the eminent domain action directing the mortgagors to pay to the mortgagee substantially all of the funds which the condemning authority had deposited in the registry of the court and which the mortgagors had previously been allowed to withdraw. The action otherwise remains pending at the trial level.

APPEALABILITY
In order to consider this matter on the merits, we must first address the threshold question of jurisdiction. The mortgagee does not object to review by this court of the order which the mortgagors wish to challenge. However, that order did not terminate the eminent domain action and thus appears on its face to be non-final in nature; but it does not appear to be within any of the categories of non-final orders which may be reviewed by this court pursuant to Fla.R.App.P. 9.130(a)(3). Accordingly, this court sua sponte raised the question whether the order is appealable either as a non-final order subject to interlocutory appeal under Rule 9.130(a)(3) or as a final order reviewable by this court pursuant to Fla.R.App.P. 9.030(b)(1)(A). The parties were requested to address that question by memorandum prior to oral argument on the merits of the appeal.
Both parties responded with the suggestion that the order is a non-final order in the category specified in subparagraph (a)(3)(C)(ii) of Rule 9.130 as an order which determined the right to immediate possession of the property; that is, the right to possession of the funds which had been deposited as a substitute for the real property taken.
It is true that, in a sense, any order directing the payment of money is an order determining the right to immediate possession of property, the property being the funds required to be paid. But we do not believe that the category described in subparagraph (a)(3)(C)(ii) was intended to encompass such an order. In our view, the type of order envisioned by the rule is an order determining the right to immediate possession of specifically identified real or personal property. The rule was intended to list those non-final orders considered to be most urgent and allow them to be appealed immediately rather than to await review upon appeal of the final judgment in the cause.[1] An order directing the payment of money ordinarily does not have that element of urgency.
We have concluded, however, that the order in question is reviewable because it was a final order. It was a final determination of a particular matter which had a character distinct and independent from the original action and which, therefore, was separable from and collateral to that action. *976 Accordingly, the order was final for purposes of appeal.
The condemning authority in this case petitioned for a "quick taking" (the right to take possession and title in advance of final judgment) as provided in Chapter 74, Florida Statutes (1977). Both the mortgagors and the mortgagee were served with a copy of the petition together with summons and a notice of hearing on the request for quick taking pursuant to Section 74.041. The mortgagee, however, did not appear at that hearing. The mortgagors appeared and submitted a written motion for withdrawal of the funds required to be deposited for the parcel taken. The mortgagee was not served with a copy of that motion nor was he given any notice of hearing on that motion.
At the hearing the trial judge granted the request for quick taking and directed the condemning authority, as required by Section 74.051(2), to deposit the sum of $62,600 into the registry of the court. This was the condemning authority's estimate of value as set forth in its petition. The trial judge then granted the mortgagors' motion for withdrawal of those funds.[2]
The mortgagee received a copy of the order of taking and a notice that the condemning authority had made the required deposit. However, the mortgagee did not receive a copy of the court's order allowing the mortgagors to withdraw the deposited funds. The mortgagee discovered that withdrawal about a year later and subsequently filed a motion requesting, in effect, a rehearing on the matter of apportionment of the funds between the mortgagors and the mortgagee on the basis that the first order was incorrect and the mortgagee had never had an opportunity to be heard on the question.
In an eminent domain proceeding, where there is more than one party asserting a claim to the amount awarded for the property taken, the trial judge is to determine the rights of the interested parties and the method of apportionment of the award. Section 73.101. In this case the parties agree that their rights to the sum which was deposited in the registry of the court are governed by the terms of the mortgage instrument.
The mortgage in question, which bears interest at 8%, is a "wrap-around" purchase money mortgage requiring the mortgagee to make payment on two underlying mortgages from payments made on the purchase money mortgage. It contains a provision which applies in case any part of the mortgaged property is taken for public use. Under the mortgagors' interpretation of that provision, the mortgagors would be entitled to the entire amount deposited in the registry of the court in this case. The trial judge agreed with that interpretation when he granted the mortgagors' motion for withdrawal of the funds.
On rehearing, the mortgagee argued that under a proper interpretation of the mortgage agreement, the mortgagee was entitled to the sum of $3,000 for each acre taken, or a total amount of $59,901. The mortgagee conceded that this was the maximum amount to which he was entitled. Therefore, the mortgagee's participation in the eminent domain action would be concluded by the payment to him of the sum of $59,901.
Reversing his prior decision, the trial judge agreed with the mortgagee and entered the order which is the subject of this appeal. That order required the mortgagors to pay to the mortgagee the sum of $59,901 from the monies which the mortgagors had previously withdrawn from the registry of the court, plus interest at the rate of 6% per annum on that amount from the date of the order which had permitted the withdrawal. This appeal followed.
Our supreme court has said that the test to be employed by an appellate court to determine the finality of an order, judgment or decree is whether the order in *977 question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974). But the supreme court in an early case recognized that the "cause" need not be the main action; it may be a proceeding in an action which is distinct in itself, and collateral to the main action. An order making a final determination of such a collateral matter is final and appealable. Theo Hirsch Co. v. Scott, 87 Fla. 336, 100 So. 157 (1924). The court recently applied this reasoning in State Farm Mut. Auto Ins. Co. v. Am. Hardware, 345 So.2d 726 (Fla. 1977).
We believe that the collateral order rule applies here. The order in question was a final determination that the mortgagee is entitled to the sum of $59,901 from the funds deposited for the property taken. That is the limit of the mortgagee's participation in the award which might ultimately be made in the action. The matter of entitlement is governed by the terms of a written instrument and involves the interpretation of provisions of that instrument. The determination of the trial judge was final and conclusive of the issue between the parties. It has no bearing on the merits of the action which remains pending.
The federal courts also apply a collateral order rule in determining whether an order is final for purposes of appeal.[3] In support of our position we have the benefit of a decision of a federal court applying that rule in a situation very similar to that presented in this case.
In Lee v. Western Wool Processors, Inc., 313 F.2d 13 (10th Cir.1962) suit was brought on a promissory note. Monies were deposited in the registry of the court pursuant to a stipulation setting forth an agreement of the parties as to the disposition of those funds. In an ex parte application by the plaintiff and upon the plaintiff's representations that the defendant had not met the conditions of the stipulated agreement, the plaintiff obtained the full amount of the money on deposit. When the defendant later learned that the deposit had been paid to the plaintiff, it sought an order requiring the return of the money on the basis that defendant was not guilty of any violation of the stipulated agreement. The defendant's motion was granted and an order was entered requiring the plaintiff to forthwith redeposit with the clerk all monies withdrawn. An appeal was taken from that order and the question was raised, by motion to dismiss, whether the appellate court had jurisdiction to review the order, in that it was not a final decision nor within the purview of those interlocutory determinations which are permitted under applicable federal law.
The court found that the order was final. It observed that the order finalized the matter as to the interpretation of the stipulated agreement and had no bearing on the merits of the underlying action. The court concluded that, therefore, the order fell within that class of orders which finally determine claims of right separable from and collateral to the rights asserted in the main action. That is the case here and we reach the same conclusion.

THE MERITS
As to the merits of the appeal, we agree with the trial judge that under a proper interpretation of the mortgage instrument, the mortgagee is entitled to the sum of $59,901 from the award made in the eminent domain proceedings. Therefore, we affirm the order to the extent that it requires the mortgagors to pay that amount to the mortgagee from the funds previously withdrawn by the mortgagors. However, we agree with the mortgagors that the trial judge erred in requiring the mortgagors to pay interest to the mortgagee at the rate of 6% per annum on that sum.
*978 In support of their position that the requirement of interest was improper, the mortgagors assert that the relation of creditor and debtor did not exist between them and the mortgagee because the parties were simply claimants to the funds deposited. We cannot agree with that characterization of the situation. The mortgagors were found to be holding money to which they were not entitled, but which properly belonged to another. In such a case an order directing payment of the funds to the proper party may require the payment of interest in addition to the principal sum, since the retention of the money has benefited the party who has held it and injured the party to whom it is owed. The fact that there is an honest and bona fide dispute as to whether the debt is actually due has no bearing on the question. The rule is that, if it is finally determined that a debt is due, the person to whom it is due (the creditor) is entitled not only to the payment of the principal of the debt but to interest at the lawful rate from the due date thereof, as compensation for the use of the money by the debtor. Parker v. Brinson Construction Company, 78 So.2d 873 (Fla. 1955).
In this rather unusual case, however, the mortgagee has already been paid for the use of the money because the mortgagors have made payments as they came due on the purchase money mortgage. The moment that the mortgagee receives the sum of $59,901 pursuant to the order appealed from, he will be required to apply that sum against the principal balance due. In the meantime, the mortgagee will have received interest on that sum because interest has been paid on the entire balance due on the mortgage unreduced by, and thus including, the sum of $59,901.
The mortgagee argues that, nevertheless, he is entitled to interest because he has been deprived of the option of applying the sum of $59,901 to pay off the two underlying mortgages and thus has been required to pay interest on those two underlying mortgages in the interim. We cannot accept that argument. The mortgagee made no claim to the funds deposited by the condemning authority for a period of some fourteen months after he received notice that the deposit had been made. His failure to obtain that money by appropriate motion was the result of his own inaction, not the action of the mortgagors in withdrawing the funds deposited.
Furthermore, as the mortgagors point out, had the funds not been withdrawn by the mortgagors, but left on deposit in the registry of the court, the mortgagee would not have been entitled to interest earned on the deposit. Any such interest must be credited to the secondary road fund of the county as provided in Section 74.051(3).
The order of the trial judge directing the mortgagors to pay the sum of $59,901 to the mortgagee is reversed to the extent that it requires the mortgagors to pay interest on that sum. Otherwise, the order is affirmed.
Affirmed in part and reversed in part.
GRIMES, C.J., and BOARDMAN, J., concur.
NOTES
[1] Committee Notes, Fla.R.App.P. 9.130.
[2] The trial judge is permitted to allow such a withdrawal under the provisions of Section 74.071.
[3] The genesis of the rule is considered to be the decision in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), but the rule was earlier expressed in Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157 (1882). The latter case was quoted with approval by the Florida Supreme Court in Theo Hirsch v. Scott, cited in this opinion.