The PERMIAN CORPORATION, Appellant,

v.

W. R. DAVIS et al., Appellees.

No. M–11825.

Court of Civil Appeals of Texas, El Paso.

Dec. 29, 1980.

Rehearing Denied Jan. 21, 1981.

Liddell, Sapp, Zivley, Brown & LaBoon, Jess H. Hall, Jr., Tom Bayko, Lyman Paden, Houston, Bullock, Scott & Neisig, Maurice R. Bullock, Tom Scott, L. Paul Latham, Midland, for appellant.

Cantey, Hanger, Gooch, Munn & Collins, Cecil E. Munn, Sloan B. Blair, Ralph H. Duggins, III, Stephen L. Tatum, Fort Worth, Stubbeman, McRae, Sealy, Laughlin & Browder, W. B. Browder, Jr., Midland, Tim M. Trickey, Austin, Butler, Binion, Rice, Cook & Knapp, Elizabeth M. Thompson, Washington, D. C., Don E. Williams, Midland, for appellees.

## OPINION

**PER CURIAM.**

The Permian Corporation has filed a "Motion to Sustain Jurisdiction" in an attempted appeal in which our Clerk has refused to file the transcript because the order from which the attempted appeal has been made is not a final judgment. The motion is denied.

In May, 1979, W. R. Davis filed a suit for himself and on behalf of a class of persons against The Permian Corporation in the District Court of Midland County. After an answer was filed and a hearing was had, the Court entered an order on January 30, 1980, certifying the suit as a class action pursuant to Rule 42, Tex.R.Civ.P. No appeal was taken from that order as permitted by Article 2250, Tex.Rev.Civ.Stat.Ann.

On October 16, 1980, the Court entered an order approving the proposed notice to persons who could be a member of the class. It would appear that counsel for Mr. Davis presented the order to the Court and it was granted without a hearing or opportunity to reply by opposing counsel. On October 29, Permian filed a response to the order in which it took exception to that part of the order which permitted notices to be mailed "at the best bulk mail rate available" rather than first class mail. Objection was also raised as to whether each and every class member who is capable of being identified would receive notice. The response also raised an issue as to the manner of establishing individual damages.

After a hearing on October 29, 1980, the Court entered another order on November 5, 1980, in which it found that its order of October 16, 1980, should not be vacated and that Permian's motion contesting certain parts of the prior order should be denied. The November order also authorized publication of a "Notice of Class Action" in areas where Permian does business.

Permian gave notice of appeal, filed an appeal bond and notice of limitation of scope of appeal. The transcript of these proceedings was received by our Clerk on November 21, 1980.

The order entered on November 5, 1980, is obviously interlocutory and Permian does not assert otherwise. The order does not come within any of the statutory exceptions provided in Articles 2250 and 2251, Tex.Rev. Civ.Stat.Ann. Instead, Permian contends the order is appealable under the "Collateral Order Doctrine." It cites as authority for its position *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *In re Grand Jury Investigation of Ocean Transportation*, 604 F.2d 672 (D.C. Cir.), cert. denied, 444 U.S. 915, 100 S.Ct. 229, 62 L.Ed.2d 169 (1979); *Pasquarella v. Santos*, 416 F.2d 436 (1st Cir. 1969); *Sanders v. Levy*, 558 F.2d 636 (2d Cir. 1976), rev'd on other grounds sub nom. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); *Greene v. Singer Company*, 509 F.2d 750 (3d Cir. 1971); *In re Investigation Before February, 1977, Lynchburg Grand Jury*, 563 F.2d 652 (4th Cir. 1977); *In re Nissan Motor Corporation Antitrust Litigation*, 552 F.2d 1088 (5th Cir. 1977); *Dow Chemical Company v. Taylor*, 519 F.2d 352 (6th Cir.), cert. denied, 423 U.S. 1033, 96 S.Ct. 566, 46 L.Ed.2d 407 (1975); (recognizing Collateral Order Doctrine but not applying it to interlocutory appeal of discovery order); *In re General Motors Corporation Engine Interchange Litigation*, 594 F.2d 1106 (7th Cir.), cert. denied, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979); *Baxter v. United Forest Products Co.*, 406 F.2d 1120 (8th Cir.), cert. denied, 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed.2d 42 (1969); *Ensey v. Richardson*, 469 F.2d 664 (9th Cir. 1972); *Ohio v. Arthur Andersen & Co.*, 570 F.2d 1370 (10th Cir.), cert. denied, 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978); *Hatch v. Minot*, 369 So.2d 974 (Fla.Dist.Ct.App.), cert. denied, 373 So.2d 458 (Fla.1979); *MDG Supply, Inc. v. Diversified Investments, Inc.*, 51 Haw. 480, 463 P.2d 530 (1969); *Northeast Investment Co. v. Leisure Living Communities, Inc.*, 351 A.2d 845 (Maine 1976); *Clark v. Elza*, 286 Md. 208, 406 A.2d 922 (1979); *Borman v. Borman*, 393 N.E.2d 847 (Mass.1979); *Bell v. Beneficial Consum-*

*er Discount Company*, 465 Pa. 225, 348 A.2d 734 (1975) (class action order); *Buchanan v. Century Federal Savings and Loan Association*, 259 Pa.Super. 37, 393 A.2d 704 (1978) (class action order).

We have found no Texas case, and none has been cited, which either recognizes the collateral order doctrine or provides any similar exception to the requirement that only a final judgment is appealable except, of course, the statutory provisions which are not applicable in this case. Therefore, the Motion to Sustain Jurisdiction is denied and the transcript cannot be filed because we are without jurisdiction to entertain this attempted interlocutory appeal.

PRESLAR, C. J., not sitting.