IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00208-CR

 

Harmon Luther Taylor,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court at Law

Walker County, Texas

Trial Court No. 07-1392

 



Opinion



 








            Harmon Luther Taylor was convicted in
municipal court of operating a motor vehicle without a driver’s license.  Taylor appealed to the county court at law where his case remains pending.  After a
hearing, that court orally denied “Taylor’s Special Appearance, Motion to
Strike or Rename 17 October Setting, First Motion to Dismiss, and First Motion
to Quash.”  Seven months later, Taylor filed a “First Verified Notice of Appeal
under the Collateral Order Doctrine.”  We will dismiss this interlocutory
appeal for want of jurisdiction.

Background

            Taylor raised several complaints in
his “Special Appearance, Motion to Strike or Rename 17 October Setting, First
Motion to Dismiss, and First Motion to Quash” (hereinafter, “Taylor’s
Motion”).  Procedurally, he contended: (1) the county court at law lacked subject
matter jurisdiction, personal jurisdiction, or venue; (2) the October 17
setting for an arraignment should be “struck or renamed” because an arraignment
is unnecessary in an appeal by trial de novo under article 45.042(b) of the
Code of Criminal Procedure; (3) the traffic ticket he received does not satisfy
the requirements for a complaint under article 45.019; (4) he did not receive
timely or adequate notice of the complaint under article 45.018(b); and (5)
asserting peculiar definitions for the “place” called “this state,” he argued
that the “choice of law” for his case is “the Law of the Land” and thus the
State’s “theory of its case arises under maritime law.”

            Substantively, Taylor’s Motion
asserted that no driver’s license is required to operate a vehicle if the
driver is engaged in non-commercial activity.

            Taylor’s Motion contains the following
“Summary of the non-compliance”:

            The “complaint” fails to satisfy Art.
45.019.  The authority of the State of Texas is usurped by a federal
corporation called STATE OF TEXAS, under which latter name there is no
authority to initiate any complaint.  And, there is no offense defined, much
less committed.  The mixing and matching of Law of the Land and “law” of “this
state” so permeates the “complaint” as to render it completely confused and
unintelligible.

 

            The court orally denied Taylor’s Motion following a hearing conducted on November 28, 2007.  Taylor filed his
notice of appeal on June 3, 2008.

            The Clerk of this Court notified Taylor by letter dated July 3 that his appeal to this Court appeared subject to dismissal
for want of jurisdiction.  This notice warned Taylor that the appeal may be
dismissed if he did not (1) specify the order or orders he is challenging and
(2) state the legal basis for this Court to exercise jurisdiction over the
appeal.  In response, he explains that he is appealing the denial of Taylor’s
Motion and asserts that this Court has jurisdiction under the collateral order
doctrine which is recognized in federal appellate courts and which Taylor
characterizes as “a procedural right applicable to the states via the 14th
Amendment.”

Collateral Order Doctrine

            The collateral order doctrine is a
federal doctrine which permits appellate review of a certain interlocutory
rulings “which finally determine claims of right separate from, and collateral
to, rights asserted in the action, too important to be denied review and too
independent of the cause itself to require that appellate jurisdiction be
deferred until the whole case is adjudicated.”  Midland Asphalt Corp. v.
United States, 489 U.S. 794, 798, 109 S. Ct. 1494, 1498, 103 L. Ed. 2d 879
(1989) (quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S. Ct. 1221, 1225-26, 93 L. Ed. 2d 1528 (1949)).  To fit within this narrow exception,
“an order must (1) ‘conclusively determine the disputed question,’ (2) ‘resolve
an important issue completely separate from the merits of the action,’ and (3) ‘be
effectively unreviewable on appeal from a final judgment.’”  Id. at 799,
109 S. Ct. at 1498 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S. Ct. 2454, 2458, 57 L. Ed. 2d 351 (1978)).

            The Supreme Court has specified three
types of orders in criminal cases to which the collateral order doctrine
applies.

            We have interpreted the collateral
order exception “with the utmost strictness” in criminal cases.  Although we
have had numerous opportunities in the 40 years since Cohen to consider
the appealability of prejudgment orders in criminal cases, we have found
denials of only three types of motions to be immediately appealable: motions to
reduce bail, motions to dismiss on double jeopardy grounds, and motions to
dismiss under the Speech or Debate Clause.  These decisions, along with the far
more numerous ones in which we have refused to permit interlocutory appeals,
manifest the general rule that the third prong of the Coopers & Lybrand
test is satisfied only where the order at issue involves “an asserted right the
legal and practical value of which would be destroyed if it were not vindicated
before trial.”   

 

Id. (quoting
Flanagan v. United States, 465 U.S. 259, 265, 104 S. Ct. 1051, 1055, 79
L. Ed. 2d 288 (1984); United States v. MacDonald, 435 U.S. 850, 860, 98 S. Ct. 1547, 1552, 56 L. Ed. 2d 18 (1978)) (other citations omitted).

Due Process

            Taylor argues that the collateral
order doctrine is a procedural right applicable to the states through the Due
Process Clause of the Fourteenth Amendment.  However, the only federal rights
which have been made “applicable to the states” through the Due Process Clause in
this fashion are the majority of those rights set out in the first eight
amendments to the United States Constitution.  See Sam A. Mullin,
Comment, The Place for Prayer in Public Policy: A Reevaluation of the
Principles Underlying the Decision in Santa Fe Independent School District v. Doe, 44 S. Tex.
L. Rev. 555, 569 n.59 (2003); see also id. at 568 n.54 (“The only
provisions of the first eight amendments that have not been incorporated are
the Second and Third Amendments, the Fifth Amendment’s Grand Jury Indictment
Clause, and the Seventh Amendment.”) (quoting Note, Rethinking the
Incorporation of the Establishment Clause: A Federalist View, 105 Harv. L. Rev. 1700, 1700 n.3 (1992)); see
also Albright v. Oliver, 510 U.S. 266, 272-73, 114 S. Ct. 807, 812-13, 127
L. Ed. 2d 114 (1994) (discussing cases which have held various “procedural
protections contained in the Bill of Rights” applicable to the states).[1]

            To the extent Taylor’s due process
claim is based on principles of procedural due process, we observe that procedural
due process in a criminal trial at a minimum requires notice and a meaningful opportunity
to defend.  See Jackson v. Virginia, 443 U.S. 307, 314, 99 S. Ct. 2781, 2786, 61 L. Ed. 2d 560 (1979) (“a person cannot incur the loss of liberty for
an offense without notice and a meaningful opportunity to defend”); Gollihar
v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001) (same).  And in a first
appeal of right (as provided in Texas), the procedures employed “must comport
with the demands of the Due Process and Equal Protection Clauses of the
Constitution.”  Evitts v. Lucey, 469 U.S. 387, 393, 105 S. Ct. 830, 834, 83 L. Ed. 2d 821 (1985).

            The trial court conducted a hearing on
 Taylor’s Motion, and he does not contend at this juncture that he was denied
a meaningful opportunity to present the allegations contained therein for that
court’s consideration.  It also appears that the allegations of Taylor’s Motion can be fully addressed in an appeal following a conviction, if any, in the county
court at law.[2]  See,
e.g., State v. Neesley, 239 S.W.3d 780 (Tex. Crim. App. 2007) (addressing
issue of statutory construction); Bible v. State, 162 S.W.3d 234 (Tex.
Crim. App. 2005) (determining whether Louisiana law governs admissibility of
defendant’s confession); Hardeman v. State, 1 S.W.3d 689 (Tex. Crim.
App. 1999) (addressing propriety of arraignment procedures); Witt v. State,
237 S.W.3d 394 (Tex. App.—Waco 2007, pet. ref’d) (determining whether venue
proved); Schinzing v. State, 234 S.W.3d 208 (Tex. App.—Waco 2007, no
pet.) (addressing jurisdiction of municipal court and county court); Chafin
v. State, 95 S.W.3d 549 (Tex. App.—Austin 2002, no pet.) (criminal charge
dismissed due to trial court’s lack of subject matter jurisdiction or personal
jurisdiction); Burling v. State, 83 S.W.3d 199 (Tex. App.—Fort Worth 2002,
pet. ref’d) (addressing adequacy of notice).

            For these reasons, we hold that due
process does not require that Texas appellate courts employ the collateral
order doctrine.  See Permian Corp. v. Davis, 610 S.W.2d 236, 237-38 (Tex. Civ. App.—El Paso 1980, writ ref’d) (declining to employ collateral order doctrine in
civil appeal).

Jurisdiction

Because there has been no judgment of conviction
in the county court at law, this is by definition an interlocutory appeal.  “The
courts of appeals do not have jurisdiction to review interlocutory orders
unless that jurisdiction has been expressly granted by law.”  Apolinar v.
State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); Ahmad v. State,
158 S.W.3d 525, 526 (Tex. App.—Fort Worth 2004, pet. ref’d).  Taylor has not
identified any statutory provision granting this Court jurisdiction over his
interlocutory appeal, and we are not aware of any.  Accordingly, we dismiss
this appeal for want of jurisdiction.

 

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring with note)*

Appeal dismissed

Opinion delivered and
filed September 3, 2008

Publish

[CR25]

 

*           (“Chief
Justice Gray concurs in the result.  A separate opinion will not issue.  He
notes, however, that the Tenth Court of Appeals is a court of limited
jurisdiction, particularly when it comes to the review of matters arising from
criminal proceedings.  In this regard, the final paragraph is the only
paragraph necessary for the disposition of this proceeding, rendering the
balance of the opinion dicta.”)

 









[1]
              Although these rights apply to
the states, the Sixth Amendment right to a jury trial does not apply to “petty”
offenses, defined as those with a maximum authorized prison or jail term of six
months.  Lewis v. United States, 518 U.S. 322, 325-26, 116 S. Ct. 2163, 2166-67, 135 L. Ed. 2d 590 (1996).  And the Sixth Amendment right to counsel
applies to only a criminal prosecution “that actually leads to imprisonment.”  Alabama v. Shelton, 535 U.S. 654, 657, 122 S. Ct. 1764, 1767, 152 L. Ed. 2d 888
(2002) (quoting Argersinger v. Hamlin, 407 U.S. 25, 33, 92 S. Ct. 2006, 2010, 32 L. Ed. 2d 530 (1972)).





[2]
              Subject to the limitations on
this Court’s jurisdiction provided by article 4.03 of the Code of Criminal
Procedure.  See Tex. Code Crim.
Proc. Ann. art. 4.03 (Vernon 2005) (when defendant appeals from inferior
court to county court, this Court’s appellate jurisdiction is limited to cases
in which the fine imposed by the county court exceeds $100 “unless the sole
issue is the constitutionality of the statute or ordinance on which the
conviction is based”).